IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANNA K. NUPSON** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 18-2505 |
| v. | : | |
| | : | |
| **SCHNADER HARRISON SEGAL &** | : | |
| **LEWIS LLP,** *et al*. | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 24th day of March 2021, upon consideration of Defendants' *motion for partial judgment on the pleadings*, [ECF 138], Plaintiff's opposition thereto, [ECF 145], Defendants' reply, [ECF 158], the parties' notices of supplemental proceedings in the Orphans' Court of Montgomery County, [ECF 177, 189], Defendants' notice of supplemental authority, [ECF 190], and the allegations in the third amended complaint, [ECF 119], it is hereby **ORDERED** that the motion is **GRANTED**.[1]  Accordingly, Plaintiff's claims for negligent misrepresentation and constructive fraud are dismissed for lack of subject-matter jurisdiction.

---

[1]  In the underlying motion, Defendants Bruce A. Rosenfeld ("Rosenfeld") and Schnader Harrison Segal & Lewis, LLP ("Schnader") seek dismissal of Plaintiff's newly-added claims for negligent misrepresentation and constructive fraud.  These claims are premised on alleged representations made by Rosenfeld and his counsel, Schnader, in various court filings made on behalf of Rosenfeld as the Trustee of the Anna Nupson 2001 Trust (the "Trust") in the Orphans' Court of Montgomery County ("Orphans' Court").  (Third Am. Compl. at ¶¶ 108-120).  Plaintiff expressly seeks to hold Rosenfeld and Schnader liable in their capacities "as the counsel of the Anna Nupson 2001 Trust, and as trustee of the Anna Nupson 2001 Trust." (*Id*. at ¶ 120; *see also id*. at ¶ 4 ("Rosenfeld is personally liable for torts committed in the course of administering the Anna Nupson 2001 Trust.")).  In their motion, Defendants argue that this Court lacks subject-matter jurisdiction over these claims premised on the *Princess Lida* Doctrine and the probate exception.  Because this Court finds that these claims, as pled, are necessarily intertwined with, and dependent upon, Rosenfeld's ***administration*** of the Trust as the Trustee, which is currently the subject of ongoing proceedings in the Orphans' Court, this Court lacks subject-matter jurisdiction over these claims.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  "[A] court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class*

*Action*, 678 F.3d 235, 243 (3d Cir. 2012). The plaintiff bears the burden of demonstrating that the court has jurisdiction to hear a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In reviewing a facial challenge to subject-matter jurisdiction, a court must consider "'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 271 (3d Cir. 2014) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).

As noted, Defendants move to dismiss the negligent misrepresentation and constructive fraud claims based on this Court's lack of subject-matter jurisdiction over those claims, arguing that, under the *Princess Lida* Doctrine, once the Orphans' Court exercised jurisdiction over the Trust, that court maintains exclusive jurisdiction over claims relating to the Trust. Plaintiff opposes dismissal, responding that her causes of action are *in personam* and, thus, would not impermissibly interfere with the jurisdiction of the Orphans' Court. Plaintiff is mistaken.

In *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 459 (1939), the United States Supreme Court held that once a court has exercised jurisdiction over a trust, that court has exclusive jurisdiction over all *in rem* and *quasi in rem* actions regarding the trust. In *Princess Lida*, a trustee and the beneficiaries of a trust brought suit in the Pennsylvania Court of Common Pleas—the same state court relevant here—against the settlor to enforce a trust agreement. *Id.* After that court enforced the agreement against the settlor and removed him as a trustee, two civil actions seeking an accounting were filed in the same court by the remaining trustees, five years apart. *Id.* at 459. Almost immediately after the second action seeking an accounting was filed, the beneficiaries filed suit against the trustees in federal court, alleging mismanagement of trust funds, and asking that the trustees be removed and required to repay losses to the trust. *Id.* The Supreme Court concluded that once the filing of the first accounting action subjected the trust to the jurisdiction of the state court, the trust and trustees were subject to the full supervisory powers of that court, which allowed that court to issue orders regarding "any matter which concerns the integrity of the trust res—its administration, its preservation, and its disposition and any other matter wherein its officers (trustees) are affected in the discharge of their duties." *Id.* at 465 (quoting *Wilson v. Bd. of Directors of City Trusts*, 324 Pa. 545, 545 (1936)). Regarding the federal court claims, the Supreme Court noted:

> [I]t is settled that where the judgment sought is strictly in *personam*, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other. On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other.

*Id.* at 466. After deciding that the federal court claims were "solely as to administration and restoration of corpus," the Court concluded that the federal court lacked jurisdiction over the beneficiaries' claims. *Id.* at 467.

Thus, the *Princess Lida* Doctrine divests a federal court of jurisdiction when "(1) the litigation in both the first and second fora are *in rem* or *quasi in rem* in nature, and (2) the relief sought requires that the second court exercise control over the property in dispute and such property is already under the control of the first court." *Dailey v. Nat'l Hockey League*, 987 F.2d 172, 176 (3d Cir. 1993). An action is *quasi in rem* within this doctrine when the action involves the "'administration and restoration of corpus' and [is] not 'merely an adjudication of [a party's] right or interest.'" *See id.* at 177 (quoting *Princess Lida*, 305 U.S. at 466–67). In *Barbiero v. Kaufman*, 580 F. App'x 107 (3d Cir. 2014), a panel of the United States Court

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

of Appeals for the Third Circuit held that the *Princess Lida* Doctrine applies when a second-filed action "entails assessing . . . conduct as trustee as compared to his obligations under the trust agreement." The *Barbiero* panel reiterated that:

> "[A] suit that concerns or determines the ownership, control and administration of a trust and the powers, duties and liabilities of the trustees is either *in rem* or *quasi in rem*" under *Princess Lida. Cassity v. Pitts,* 995 F.2d 1009, 1012 (10th Cir. 1993); *see also Cartwright v. Garner,* 751 F.3d 752, 762 (6th Cir. 2014) ("In suits involving trust administration, the court must control the property in order to give effect to the resolution of the case, and [such suits] are *quasi in rem*."); *Thompson v. Fitzgerald,* 329 Pa. 497, 198 A. 58, 63 (1938) (suits to administer trusts are *quasi in rem), aff'd sub nom. Princess Lida,* 305 U.S. 456, 59 S. Ct. 275, 83 L. Ed. 285; *Austin v. Royal League,* 316 Ill. 188, 147 N.E. 106, 109 (1925) (a proceeding seeking "to affect the interest of a named person in specific property ... is ... *quasi in rem*"); *Bania v. Royal Lahaina Hotel,* 37 Ill. App. 3d 661, 347 N.E.2d 106, 108 (1975) ("Actions *[q]uasi in rem* determine the rights of the parties to particular property."). Similarly, an action is *in rem* or *quasi in rem* where "the conduct of [t]rustees and the damages to [b]eneficiaries must be determined in reference to the trust...." *Cassity,* 995 F.2d at 1012. Such cases differ from cases "adjudicat[ing] . . . a party's right or interest . . . ." *Dailey,* 987 F.2d at 176–77 (internal quotation marks and alterations omitted).

*Id.* at 112.

Here, Plaintiff's negligent misrepresentation and constructive fraud claims are expressly premised on Rosenfeld's conduct as Trustee and concern his "administration" of the Trust. Indeed, Plaintiff expressly seeks to hold Rosenfeld "liable for torts committed in the course of ***administering*** the Anna Nupson 2001 Trust." (Third Am. Compl. at ¶ 4) (emphasis added). Thus, any relief that could be ordered against Defendants in this case based on Rosenfeld's conduct as Trustee (1) concerns the administration of the Trust and (2) implicates the trust *res*; therefore, Plaintiff's negligent misrepresentation and constructive fraud claims fall within the Orphans' Court's exclusive jurisdiction. Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's claims for negligent misrepresentation and constructive fraud.