IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA K. NUPSON,<br><br>   **Plaintiff,**<br><br>v.<br><br>SCHNADER HARRISON SEGAL<br>& LEWIS, LLP, and BRUCE A.<br>ROSENFIELD, ESQ.,<br><br>   **Defendants.** | Civil Action No.: 2:18-cv-02505-NIQA |

**MOTION FOR AN ORDER TO SHOW CAUSE
AND/OR, IN THE ALTERNATIVE, MOTION FOR SANCTIONS**

Plaintiff Anna K. Nupson, through undersigned counsel, and pursuant to Rule 37(b)(2)(A), requests the Court enter an order to show cause and/or, in the alternative, award sanctions against Defendants Bruce A. Rosenfield ("Rosenfield") and Schnader Harrison Segal and Lewis, LLP ("Schnader") for their failure to comply with this Court's Memorandum and Order of April 7, 2021 [Docs. 194 and 195]. In support of her Motion, Plaintiff states:

   **I.  INTRODUCTION**

Defendants have failed to comply with the clear directives in the April 7, 2021 Order. Defendants refuse to withdraw their claims of privilege and produce documents created prior to June 5, 2014, which were withheld on the basis of the work product doctrine. Further, Defendants' supplemental privilege log provided on May 4, 2021, fails to comply with this Court's Order stating that the privilege log should be supplemented as follows: "[e]ach description shall also include sufficient information to determine the applicability of the fiduciary and fraud exceptions alleged by Plaintiff." *See* Doc. 194, at 37, ¶2. Plaintiff requests that the Court enter an order to show cause requiring that the Defendants explain to the Court their failure and refusal to comply

1

with the April 7, 2021 Order. Plaintiff further requests this Court enter an Order enforcing the April 7, 2021 Order and directing Defendants to withdraw their claims of work product and produce the documents created prior to June 5, 2014 which were withheld solely on the basis of the work product doctrine, and to correct the deficiencies in their supplemental privilege log as stated in this motion. In the alternative, Plaintiff requests an order awarding sanctions against Defendants under Rule 37(b)(2)(A)(ii) prohibiting Defendants from asserting any claims of work product over documents listed on their privilege log, and ordering production of such documents immediately.

## II.     BACKGROUND FACTS

In August 2020, Plaintiff filed her Motion to Compel ("Motion") [Doc. 102] requesting the Court order the production of documents withheld by Defendants as listed on their original privilege log dated February 2017. Defendants Schnader and Rosenfield, and Intervenors John Middleton and Bradford Holdings, Inc. filed independent response briefs opposing Plaintiff's Motion. *See* Docs. 121-4 and 123. Plaintiff filed a reply in support of her Motion [Doc. 132] and Intervenors and Defendants filed sur-replies [Docs. 139 and 140]. Plaintiff filed a supplemental reply to her Motion [Doc. 153]. On April 7, 2021, Judge Lynne A. Sitarski entered a Memorandum and Order granting in part and denying in part Plaintiff's Motion. *See* Docs. 194 and 195.

The April 7, 2021 Order instructed Defendants to "revise their privilege log to include: (1) an additional field describing each document in sufficient detail to determine whether the claimed privileges, or an exception thereto, apply; (2) withdraw all assertions of the work-product doctrine for documents created prior to June 5, 2014; and (3) produce any documents created prior to [June

5, 2014] that [Defendants] withheld solely on the basis of the work-product doctrine."[1] *See* Doc. 195.

On May 4, 2021, Defendants produced to Plaintiff a revised privilege log. *See* **Exhibit A**. On May 27, 2021, Plaintiff's counsel wrote to Defendants in good-faith to address concerns regarding Defendants' revised privilege log. *See* **Exhibit B**. In the May 27th letter, Plaintiff identified four areas of concern with regards to Defendants' revised privilege log: (1) the information contained in the additional "comments" column is insufficient for Plaintiff and the Court to determine whether the claimed privileges apply or whether the fiduciary and/or fraud exceptions apply to each document listed on the log; (2) Defendants failed to produce and withdraw all assertions of the work product doctrine for documents created prior to June 5, 2014; (3) many entries on the revised privilege log lack any information regarding the privilege claimed or information as to why the documents are being withheld on privilege; and (4) the revised privilege log does not identify Rosenfield and/or Schnader's capacity as an individual, attorney, or trustee in which they assert a privilege over each document. *Id*.

On June 8, 2021, Defendants responded to Plaintiff's May 27th letter (*see* **Exhibit C**) and on June 11, 2021, the parties held a telephonic conference to discuss Plaintiff's concerns regarding Defendants' revised privilege log. *See* **Exhibit D**. On June 19, 2021, Plaintiff's counsel sent a follow-up email to their June 12, 2021 correspondence expressing concern over their inability to locate several documents that Defendants stated they had produced to Plaintiff. *See* **Exhibit E**. Defendants' counsel responded on June 21, 2021 identifying the documents' Bates Stamp numbers

---

[1] The April 7, 2021, Order further directed Defendants to "produce Anna Nupson 2001 Trust administration documents from 2017 onward, to the extent they have not already done so." Defendants have produced documents which appear at this time to comply with paragraph one (1) of the Court's Order.

for each document that Plaintiff was unable to locate. In the same email Defendants admitted the documents were produced but were fully redacted. *See* **Exhibit F.**

Also, on June 21, 2021, Defendants' counsel sent an email stating their "position is that May 19, 2014 is the proper date" for commencement of the work product doctrine, rather than the June 5, 2014 date as directed by the Court's April 7, 2021 Order. *See* **Exhibit G**. Defendants' position confirmed they would not be producing all documents created prior to June 5, 2014 withheld under the work product doctrine. On June 22, 2021, Plaintiff's counsel emailed Defendants' and requested they comply with this Court's April 7th Order. Defendants responded confirming their refusal to produce the documents as directed in the April 7th Order. *See* **Exhibit H.**

### III.   ARGUMENT AND AUTHORITIES

Failure to comply with a court's discovery order may result in the imposition of sanctions under Federal Rule of Civil procedure 37(b)(2). "Issuance of a court order requiring the production of discovery materials in response to a motion to compel provides a party with notice that discovery sanctions may follow if the order is not complied with." *Craig v. Kelchner*, CIV. 3:07-CV-1157, 2010 WL 528331, at *2 (M.D. Pa. Feb. 11, 2010).

"The United States Court of Appeals for the Third Circuit has set out the following factors that may be balanced by a District Court when assessing sanctions: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984).

Here, Defendants refuse to comply with this Court's April 7, 2021 Order by failing to withdraw certain privilege assertions and failing to produce documents as instructed. Further, Defendants have failed to meet the requirements set out in the Court's April 7, 2021 Order with regard to identifying information necessary for Plaintiff and the Court to determine if the claimed privileges apply. Plaintiff requests this Court enter an order for Defendants to show cause as to why they have failed to comply with the April 7, 2021 Order and/or in the alternative to award sanctions against Defendants.

A.  **Defendants should be ordered to show cause for their refusal to withdraw all assertions of the work-product doctrine for documents created prior to June 5, 2014, and refusal to produce documents created prior to June 5, 2014 withheld solely on the basis of work product.**

In the April 7, 2021 Memorandum, this Court contemplated the date upon which Defendants could have reasonably anticipated litigation by Plaintiff and issued the following findings: "Under these circumstances, I find that Defendants have not established that they reasonably anticipated litigation with Plaintiff until her counsel sent them a letter on June 5, 2014, advising of her intention to pursue claims against them." *See* Doc. 194, at 37. The Court further stated: "Accordingly, within 21 days of the date of this opinion, Defendants shall revise their privilege log…to withdraw all assertions of the work product doctrine for documents created prior to June 5, 2014. Defendants shall produce any documents created prior to that date previously withheld solely on the basis of the work-product doctrine." *Id*.

Defendants have unilaterally changed the cutoff date for the work product doctrine to May 19, 2014, despite the clear directives in this Court's April 7, 2021 Order. In their June 8, 2021 letter, Defendants state as follows:

> Schnader used May 19, 2014 **as the appropriate date for commencement of the work product doctrine** based on the May 19, 2014 letter in which counsel for Ms. Nupson threatened to bring a malpractice action against Schnader – a copy of which

5

Case 2:18-cv-02505-NIQA   Document 215   Filed 07/16/21   Page 6 of 11


is enclosed herewith. This date is in accordance with the Order, which held that documents created after June 5, 2014 may be subject to the work product doctrine based on the June 5, 2014 letter in which counsel for Ms. Nupson threatened to bring a malpractice action against Schnader. **The content of the May 19, 2014 letter, which was not submitted to the Court**, is substantially similar to that of the June 5, 2014 letter, thereby making May 19, 2014 the more appropriate date on which it was clear that Mr. Rosenfield was seeking advice of counsel in the context of a threatened lawsuit against him.

See **Exhibit C**, at 1, ¶3 (emphasis added).

Defendants further state, "Defendants have not asserted any privilege based on the work product doctrine for documents created prior to that date and **will not withdraw their assertions of work product privilege for documents created subsequent to that date [May 19, 2014]**." *Id*. (emphasis added).

Defendants' supplemental privilege log lists 20 documents (document nos. 2, 41, 47-49, 63-65, 67-70, and 72-79) dated prior to June 5, 2014 which assert the work product doctrine. *See* **Exhibit A**. Seven of the 20 documents (document nos. 41, 47-49, 64, 67, and 68) assert only the work product doctrine and according to the April 7, 2021 Order, these seven documents should be produced to Plaintiff.

"Parties are not free to relitigate issues that the Court has already decided, nor should parties make additional arguments which should have been made before judgment." *GMAC Bank v. HTFC Corp.,* 252 F.R.D. 253, 259 (E.D.Pa. 2008) (citing *Smith v. City of Chester,* 155 F.R.D. 95, 97 (E.D.Pa. 1994) (asking litigants to "evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant"); *Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D.Pa.1993) ("It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.") (quotation omitted)).

Despite this Court's clear directive that June 5, 2014 is the cutoff date for the work product doctrine, Defendants now argue that May 19, 2014 is the appropriate date for commencement of the work product doctrine. Defendants failed to produce the May 19, 2014 letter to the Court in their extensive briefings in opposition to Plaintiff's Motion although they have had it in their possession for over seven years.

Additionally, the May 19, 2014 letter does not contemplate litigation, but expresses a concern about Rosenfield's representation. *See* Doc. 38-1. The May 19th letter never suggested litigation or gave any inclination that Defendants could reasonably anticipate litigation. In contrast, the June 5, 2014 letter states that Plaintiff was "determined to proceed against Schnader Harrison Segal & Lewis LLP…" with regards to a claim concerning the validity of an assignment of income executed by Plaintiff in 1998 regarding her trust settled in September 1994. *See* Doc. 33-3.

Defendants may not change or ignore this Court's April 7, 2021 Order and must comply with the Court's directives to withdraw their assertions of work product for document nos. 2, 41, 47-49, 63-65, 67-70, and 72-79 and produce document nos. 41, 47-49, 64, 67, and 68.

**B.     The additional field in Defendants' revised privilege log which purports to describe each document in detail is insufficient to determine whether the claimed privileges, or an exception thereto, apply.**

First, Defendants' revised privilege log contains blank document descriptions. See **Exhibit B** at Document Nos. 7, 8, 9, 10, 27, 28, 31, 40, 41, 42, 43, 47, 48, 49, 62, 104, 110, 112, 133, 342, 368, 369, 391, 461, and 631. Defendants state the documents with blank descriptions were produced to Plaintiff on or around May 4, 2021. Plaintiff was able to locate the documents with the exception of Document Nos. 9, 10, 110, 112, and 133. Although Defendants identified the Bates Numbers and produced documents 9, 10, 110, 112, and 133, the pages were largely redacted and no information was provided on the privilege log identifying what privilege is claimed or detail

describing the document. Defendants have failed to comply with the Court's April 7, 2021 Order directing that each document must be described in sufficient detail to determine whether a claimed privilege applies.

Second, the additional information added by Defendants in the revised privilege log is not sufficient for Plaintiff or this Court to determine whether the claimed privileges, or an exception thereto, apply. The information added by Defendants is confusing and incomplete. For example, Document Nos. 7, 8, and 28 state: "Privilege held by Nupson." This language suggests that Plaintiff is the holder of the privilege, and not by Defendants, and therefore the documents should be produced to her immediately.

Additionally, Defendants have failed to identify which party and in which capacity, as attorney, individual, or trustee, Rosenfield and/or Schnader are making their claims of privilege. Under Pennsylvania law, the fiduciary exception to claims of privilege states: "the trustee cannot withhold from any beneficiary documents regarding the management of the trust, including opinions of counsel procured by the trustee to guide the trustee in the administration of the trust, because trust law imposes a duty to make these documents available to the beneficiaries." *Follansbee v. Gerlach*, 56 Pa. D. & C.4th 483, 491 (Allegheny Com. Pl. Ct. 2002) (Wettick, Jr., J.). Under *Follansbee,* the fiduciary exception to these privileges exists to allow trust beneficiaries to discover communications between the fiduciary and trust counsel generated in the course of administering the trust. *Id*. Plaintiff and this Court are unable to determine whether the fiduciary exception to privilege applies lacking information regarding which party is asserting the privilege and in which capacity.

### IV.  CONCLUSION

WHEREFORE, Plaintiff requests the Court enter an order to show cause requiring the Defendants to explain to the Court their failure and refusal to comply with the April 7, 2021 Order. Plaintiff further requests this Court enter an Order enforcing the April 7, 2021 Order and directing Defendants to withdraw their claims of work product and produce the documents created prior to June 5, 2014 which were withheld solely on the basis of the work product doctrine, and to correct the deficiencies in their supplemental privilege log as stated in this motion. In the alternative, Plaintiff requests an order awarding sanctions against Defendants under Rule 37(b)(2)(A)(ii) prohibiting Defendants' from asserting any claims of work product over documents listed on their privilege log and ordering production of such documents immediately.

Dated: July 16, 2021                                          Respectfully submitted,

/s/ Ben Davis
Ben Davis
Davis Kelin Law Firm, LLC
127 Bryn Mawr Dr., SE
Albuquerque, NM 87106
Tel: (505) 242-7200
Fax: (505) 213-3399
bdavis@daviskelin.com

Courtney Johnson Vidales
Mucci Law Firm
PO Box 6908
Albuquerque, NM 87197
Tel: (505)247-2211
courtney@muccilaw.com

Justin R. Kaufman
Durham, Pittard & Spalding, LLP
505 Cerrillos Rd., Suite A209
Santa Fe, NM 87501
Tel: (505) 986-0600
Fax: (505)986-0632
jkaufman@dpslawgroup.com

Brian A. Gordon
Gordon & Ashworth, P.C.
One Belmont Ave., Suite 519
Bala Cynwyd, PA 19004
Tel: (610) 667-4500
Briangordon249@gmail.com

Kimberly Brusuelas
5th Street Law
312 San Pasquale, NW
Albuquerque, NM 87104
Tel: (505) 247-9333
kim@fiftehstreetlaw.com

***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing instrument was served on all counsel via the ECF system on this the 16th day of July 2021.

   */s/ Ben Davis*

Ben Davis