IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANNA K. NUPSON** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 18-2505 |
| v. | : | |
| | : | |
| **SCHNADER HARRISON SEGAL &** | : | |
| **LEWIS LLP,** *et al*. | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 31st day of August 2021, upon consideration of Plaintiff's *motion for an order to show cause and/or, in the alternative, motion for sanctions*, [ECF 215], and Defendants' response in opposition thereto, [ECF 221], it is hereby **ORDERED** that Defendants shall produce all documents created prior to June 5, 2014, which were withheld on the basis of the work product doctrine by September 10, 2021.[1]

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] In the underlying motion, Plaintiff essentially seeks an order directing Defendants to comply with the April 7, 2021 Order, by (1) producing all documents created prior to June 5, 2014, which Defendants previously withheld under the work product doctrine; and (2) revising Defendants' privilege log to include additional information necessary to determine application of any asserted privileges with respect to Document Nos. 7, 8, 9, 10, 28, 110, 112, and 133. Each of these issues is addressed separately below.

The April 7, 2021 Order, *inter alia*, required Defendants to "withdraw all assertions of the work-product doctrine for documents created prior to June 5, 2014." [ECF 195]. Notwithstanding this clear directive, Defendants advised Plaintiff that they had subsequently determined that the June 5, 2014 date selected by the Court in its Opinion and Order was incorrect, and that the proper date for invocation of the work-product doctrine is May 19, 2014. Notwithstanding Defendants' unilateral conclusion, Defendants never sought reconsideration of the Court's decision. Instead, they unilaterally decided to ignore the date determined by the Court and set their own date. This, they cannot do. Accordingly, Defendants shall produce all documents created prior to June 5, 2014, and previously withheld on the basis of the work-product doctrine.

In response to Plaintiff's second issue, *i.e.*, revisions to Defendants' privilege log, Defendants have shown that they either produced documents previously withheld or have provided Plaintiffs the additional information necessary to determine application of the asserted privileges. As such, Plaintiffs' motion is denied as to this issue.