IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANNA K. NUPSON** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 18-2505 |
| v. | : | |
| | : | |
| **SCHNADER HARRISON SEGAL &** | : | |
| **LEWIS LLP,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 19th day of October 2021, upon consideration of Plaintiff's *renewed motion to compel compliance with subpoena served on Blank Rome, LLP*, [ECF 199], non-party Blank Rome LLP's opposition thereto, [ECF 201], Plaintiff's supplemental brief, [ECF 213], Blank Rome LLP's sur-reply, [ECF 216], and Defendants' response, [ECF 219], it is hereby **ORDERED** that the motion is **DENIED**.[1]

---

[1] In the underlying motion, Plaintiffs seek an order compelling Blank Rome, LLP ("Blank Rome"), to produce documents that Blank Rome collected, created, and/or maintained during the course of its representation of clients John S. Middleton and Bradford Holdings, Inc., in the Orphans' Court litigation. Blank Rome objected to the subject document requests on the basis of various privileges that belong to and are being asserted by Mr. Middleton and Bradford Holdings. In particular, Mr. Middleton and Bradford Holdings have asserted various privileges based on Mr. Middleton's capacity as the trustee of various trusts and co-executor of Frances S. Middleton's Estate. None of the grounds offered by Plaintiff in her underlying motion is sufficient to overcome these privileges.

Among the grounds relied on, Plaintiff argues that the asserted privileges were waived when Mr. Middleton and Bradford Holdings offered to produce some of the disputed documents in the Orphans' Court litigation in an effort to resolve discovery disputes in that litigation. However, before any such documents were produced in the Orphans' Court litigation pursuant to the parties' agreement, Plaintiff withdrew her state court discovery motions. As a result, none of the documents subject to the agreement was ever produced. Plaintiff has provided no legal support, and this Court is unaware of any such legal support, for a waiver of applicable privilege under these circumstances.

Plaintiff also argues that the withheld documents should be produced pursuant to the testamentary exception to the attorney-client privilege. As argued by Blank Rome, however, the testamentary exception only applies where the litigation is between the "heirs or next of kin" of a common devisee. *Glover v. Patten*, 165 U.S. 394, 406 (1987). Here, the litigation is between Plaintiff and her former attorneys. As such, the testamentary exception is not applicable.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Plaintiff further argues that any privilege attached to Frances S. Middleton's communications with her attorneys has been waived by certain deposition testimony of Defendant Bruce A. Rosenfeld, Esquire, in this litigation. Plaintiff's argument is, however, misplaced. Any applicable privilege belongs to the client, not the attorney. As such, an attorney cannot waive a client's privilege. *See* Pa. Rule of Pro. Conduct 1.6; *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 90 (3d Cir. 1992) (explaining that although "an attorney may assert the privilege on the client's behalf . . . the privilege belongs to the client, and only the client may waive it"). Thus, Defendant Rosenfeld's testimony cannot constitute a waiver of Frances S. Middleton's privilege.

Finally, Blank Rome has correctly observed that with respect to some of the requested documents, the attorney-client privilege asserted by Mr. Middleton is held jointly with his co-executor of Frances S. Middleton's Estate, Lucia Hughes. Waiver of any jointly-held privilege would require waiver by both Mr. Middleton and Ms. Hughes. Plaintiff has made no showing of any waiver of the jointly-held privilege by Ms. Hughes. For all of these reasons, Plaintiff's motion is denied.