# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA K. NUPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:18-cv-02505-NIQA |
| SCHNADER HARRISON SEGAL & LEWIS LLP, and BRUCE A. ROSENFIELD, ESQ., | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND FOURTH SET OF REQUESTS FOR PRODUCTION**

Defendants Schnader Harrison Segal & Lewis LLP and Bruce A. Rosenfield, Esquire, by and through their undersigned counsel, hereby submit the following Responses and Objections to Plaintiff's Second Set of Interrogatories and Fourth Set of Requests for Production:

**GENERAL OBJECTIONS**

Schnader incorporates by reference its General Objections stated in Defendants' Responses and Objections to Plaintiff's First Set of Requests for Admission, Interrogatories, and Requests for Production.

**INTERROGATORIES**

**INTERROGATORY NO. 10:** State Schnader's current net worth and Rosenfield's current net worth.

**ANSWER:** In addition to the General Objections above, Schnader and Rosenfield object to this Interrogatory on the grounds that it is overly broad, not proportional to the needs of the case, and is unreasonably burdensome, annoying, and oppressive. By way of further response, the discovery of Schnader's private financial information and Rosenfield's personal financial information is prohibited. Discovery of private and personal financial information is

inappropriately intrusive absent actual evidence suggesting that the issue of punitive damages might go to the jury. Rosenfield further objects to this Interrogatory on the grounds that it is inappropriately intrusive as to assets held jointly with his spouse.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 58:** Produce all documents that reflect Schnader's most recent net worth or documents from which it may be calculated.

**RESPONSE:** In addition to the General Objections above, Schnader and Rosenfield object to this Request on the grounds that it is overly broad, not proportional to the needs of the case, and is unreasonably burdensome, annoying, and oppressive. By way of further response, the discovery of Schnader's private financial information is prohibited. Discovery of private financial information is inappropriately intrusive absent actual evidence suggesting that the issue of punitive damages might go to the jury.

**REQUEST FOR PRODUCTION NO. 59:** Produce all financial statements that Schnader has prepared or that have been prepared for Schnader for the past three years

**RESPONSE:** In addition to the General Objections above, Schnader and Rosenfield object to this Request on the grounds that it is overly broad, not proportional to the needs of the case, and is unreasonably burdensome, annoying, and oppressive. By way of further response, the discovery of Schnader's private financial information is prohibited. Discovery of private financial information is inappropriately intrusive absent actual evidence suggesting that the issue of punitive damages might go to the jury.

**REQUEST FOR PRODUCTION NO. 60:** Produce all schedules reflecting or from which Schnader's current assets and liabilities may be determined.

**RESPONSE:** In addition to the General Objections above, Schnader and Rosenfield object to this Request on the grounds that it is overly broad, not proportional to the needs of the case, and is unreasonably burdensome, annoying, and oppressive. By way of further response, the discovery of Schnader's private financial information is prohibited. Discovery of private financial information is inappropriately intrusive absent actual evidence suggesting that the issue of punitive damages might go to the jury.

**REQUEST FOR PRODUCTION NO. 61:** Produce all documents that reflect Rosenfield's most recent net worth or documents from which it may be calculated.

**RESPONSE:** In addition to the General Objections above, Schnader and Rosenfield object to this Request on the grounds that it is overly broad, not proportional to the needs of the case, and is unreasonably burdensome, annoying, and oppressive. By way of further response, the discovery of personal financial information is prohibited. Discovery of personal financial information is inappropriately intrusive absent actual evidence suggesting that the issue of punitive damages might go to the jury. Rosenfield further objects to this Request on the grounds that it is inappropriately intrusive as to assets held jointly with his spouse.

**REQUEST FOR PRODUCTION NO. 62:** Produce all financial statements that Rosenfield has prepared or that have been prepared for Rosenfield for the past three years.

**RESPONSE:** In addition to the General Objections above, Schnader and Rosenfield object to this Request on the grounds that it is overly broad, not proportional to the needs of the case, and is unreasonably burdensome, annoying, and oppressive. By way of further response, the discovery of personal financial information is prohibited. Discovery of personal financial information is inappropriately intrusive absent actual evidence suggesting that the issue of

punitive damages might go to the jury. Rosenfield further objects to this Request on the grounds that it is inappropriately intrusive as to assets held jointly with his spouse.

**REQUEST FOR PRODUCTION NO. 63:** Produce all schedules reflecting or from which Rosenfield's current assets and liabilities may be determined.

**RESPONSE:** In addition to the General Objections above, Schnader and Rosenfield object to this Request on the grounds that it is overly broad, not proportional to the needs of the case, and is unreasonably burdensome, annoying, and oppressive. By way of further response, the discovery of personal financial information is prohibited. Discovery of personal financial information is inappropriately intrusive absent actual evidence suggesting that the issue of punitive damages might go to the jury. Rosenfield further objects to this Request on the grounds that it is inappropriately intrusive as to assets held jointly with his spouse.

**REQUEST FOR PRODUCTION NO. 64:** Produce all joint defense agreements.

**RESPONSE:** In addition to the General Objections above, Schnader and Rosenfield object to this Request on the grounds that it is unreasonably vague and overly broad in that it does not specify any parties to joint defense agreements and is not limited to any period of time. Schnader and Rosenfield further object on the ground that any joint defense agreement is protected by attorney-client privilege and is therefore not subject to discovery. Subject to the foregoing Specific and General Objections, Schnader and Rosenfield state that there are no responsive documents within their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 65:** Produce any and all file sharing agreements for documents concerning or regarding the Plaintiff.

**RESPONSE:** In addition to the General Objections above, Schnader and Rosenfield object to this Request on the grounds that it is unreasonably vague and overly broad in that it

4

does not define the terms "file sharing agreements," "concerning," or "regarding." Schnader and Rosenfield further object on the ground that any file sharing agreement is protected by attorney-client privilege and is therefore not subject to discovery. Subject to the foregoing Specific and General Objections, Schnader and Rosenfield state that there are no responsive documents within their possession, custody, or control.

|  |  |
|---|---|
| | As to the Objections: |
| | DILWORTH PAXSON LLP |
| | */s/ Lawrence G. McMichael* |
| | Lawrence G. McMichael, Esquire (28550) |
| | Patrick M. Northen, Esquire (76419) |
| | Patrick M. Harrington, Esquire (317998) |
| | Timothy J. Ford, Esquire (325290) |
| | 1500 Market Street, Suite 3500E |
| | Philadelphia, PA 19102-2101 |
| | P: (215) 575-7000 / F: (215) 575-7200 |
| | lmcmichael@dilworthlaw.com |
| | pnorthen@dilworthlaw.com |
| | pharrington@dilworthlaw.com |
| | tford@dilworthlaw.com |
| | *Attorneys for Defendants Schnader Harrison Segal & Lewis LLP and Bruce A.* |
| Dated: April 20, 2020 | *Rosenfield, Esquire* |

## CERTIFICATE OF SERVICE

I, Timothy J. Ford, hereby certify that on April 20, 2020 a true and correct copy of the foregoing Defendants' Responses And Objections To Plaintiffs' Second Set of Interrogatories and Fourth Requests For Production Of Documents, and all documents in support thereof were served by electronic mail, as follows:

> Brian A. Gordon, Esquire
> Gordon & Ashworth, P.C.
> 1 Belmont Ave, Suite 519
> Bala Cynwyd, PA 19004
> Briangordon249@gmail.com
>
> Kimberly Brusuelas, Esquire
> 5TH Street Law
> 312 San Pasquale, NW
> Albuquerque, NM 87102
> kim@fifthstreetlaw.com
>
> Justin R. Kaufman, Esquire
> Kelly, Durham & Pittard, L.L.P.
> 505 Cerillos Road, Suite A209
> Santa Fe, NM 87501
> jkaufman@kdplawfirm.com

By:  */s/ Timothy J. Ford*
DILWORTH PAXSON LLP
By: Lawrence G. McMichael, Esquire
Patrick M. Northen, Esquire
Patrick M. Harrington, Esquire
Atty. ID Nos. 28550 / 76419 / 317998
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
P: (215) 575-7000 / F: (215) 575-7200
lmcmichael@dilworthlaw.com
pnorthen@dilworthlaw.com
pharrington@dilworthlaw.com
*Attorneys for Defendants Schnader Harrison Segal & Lewis LLP and Bruce A. Rosenfield, Esquire*