# EXHBIT B

Kimberly Brusuelas, Esq.
Attorney at Law
312 San Pasquale NW
Albuquerque, NM 87104
(505) 247-9333
Kim@fifthstreetlaw.com

---

May 29, 2020


Mr. Lawrence G. McMichael, Esq.
Mr. Patrick M. Northern, Esq.
Mr. Patrick M. Harrington, Esq.
Mr. Timothy Ford, Esq.
Dilworth Paxson, LLP
1500 N. Market St.,
Suite 3500E
Philadelphia, PA 19102-2101


Re:   *Nupson v. Schnader Harrison Segal & Lewis, LLP, et al.*
      2:18-CV-02505-NIQA

Dear Counsel,

  We reviewed Defendants' Responses and Objections to Plaintiff's Second Set of Interrogatories and Fourth Set of Requests for Production ("Defendants' Responses") received on or about April 20, 2020. Pursuant to Federal Rule of Civil Procedure 37(a)(1) we write in good faith to confer regarding discovery disputes in an effort to avoid court intervention.

  The Third Circuit allows a plaintiff to discover information "regarding a defendant's financial situation" where the plaintiff seeks punitive damages. *Grosek v. Panther Transp., Inc.,* 251 F.R.D. 162, 165 (M.D. Pa. 2008). Additionally, the weight of authority requires a defendant to disclose his financial condition in pretrial discovery when punitive damages are claimed. Id. A trier of fact may properly consider the wealth of a defendant as a factor in assessing an award of punitive damages. *In re Lemington Home for the Aged*, 777 F.3d 620, 631 (3d Cir. 2015) (citing *Vance v. 46 and 2, Inc.*, 920 A.2d 202, 207 (Pa. Super. Ct. 2007); Restatement (Second) of Torts § 908(2)).

To obtain discovery regarding a defendant's financial situation, a plaintiff need only demonstrate a well-founded possibility that the defendant may be subject to punitive damages before discovery of that defendant's financial documents is appropriate. See *Tallon v. J.E. Brenneman Co.*, No. 85-0053, 1986 WL 4327, at *2 (E.D. Pa. Apr. 8, 1986) (citing *Chenoweth v. Schaaf*, 98 F.R.D. 587, 589 (W.D. Pa. 1983)); *Cavalier Clothes, Inc. v. Major Coat Co.*, No. 89-3325, 1991 WL 125179, at *4 (E.D. Pa. June 26, 1991). *Shelton v. Cnty. of Chester* (E.D. Pa. 2015).

Here, Plaintiff has much more than a well-founded possibility that Defendants Schnader and Rosenfield will be subject to punitive damages. Under controlling Pennsylvania law, punitive damages may be awarded in actions for legal malpractice and breach of fiduciary duty. *Hutchison ex rel. Hutchison v. Luddy*, 582 Pa. 114, 870 A.2d 766, 773, (2005); *Rizzo v. Haines,* 520 Pa. 484, 555 A.2d 58 (1989) (lawyer sued for malpractice in settlement negotiations; the Pennsylvania Supreme Court held that "an award of punitive damages was proper for claims sounding in breach of fiduciary duty, as well as intentional withholding of information and fraudulent misrepresentation"). Accord, *SHV Coal*, 526 Pa. 489, 587 A.2d 702,703-05 (1991) (affirming award of punitive damages for claims based on negligence sounding in breach of fiduciary duty).

The evidence in this action demonstrates that an award of punitive damages against Defendants Schnader and Rosenfield would be proper under Pennsylvania law for multiple reasons. First, like the lawyers in *Rizzo* and *SHV Coal*, Defendants Schnader and Rosenfield breached their fiduciary duties to Plaintiff. While Anna was a client, Defendants represented Frances and John in the Original GRAT transaction, which transferred more than $50 million in Bradford stock to John alone, excluding Anna and Lucia. Compounding this malfeasance, Defendants intentionally concealed their representation when they sought Anna's consent less than a year later to represent her and Frances in the 2003 Master Settlement Agreement.

Defendants also intentionally withheld critical information from Plaintiff in the course of their representation of her in connection with the 2003 Master Settlement Agreement. They continued to conceal their prior and ongoing representation of Frances and John in the Original GRAT transaction, while at the same time purporting to act as Anna's lawyers in the sale of the Bradford stock in the 2003 Master Settlement Agreement transactions. They concealed from her material facts relating to the sale of her stock, in an effort to make certain that their prior representation would remain hidden. That effort was successful, and as a result, Anna was damaged.

Finally, Defendants continued their concealment of the true facts for 15 more years, revealing it only when forced to do so by Order of the Montgomery County Orphans' Court. Even then, Defendants Schnader and Rosenfield continued to actively misrepresent their conduct in sworn pleadings filed in the Montgomery County Orphans' Court, and made false statements to the Court concerning the true facts surrounding the creation of the Original GRAT.

At the very least, these facts establish the "well-founded possibility" required to obtain discovery of Defendants' financial situation. Accordingly, Defendants must respond to Plaintiff's Interrogatory no. 10 and Request for Production nos. 58-63.

Sincerely,

*/s/ Kimberly Brusuelas, Esq.*

Attorney at Law