

# EXHIBIT E

DIRECT DIAL NUMBER:
215-575-7017

Timothy J. Ford
tford@dilworthlaw.com

September 3, 2021

**VIA ELECTRONIC MAIL (courtney@muccilaw.com)**
Courtney Johnson Vidales, Esq.
Mucci Law Firm
1600 Rio Grande Blvd. NW
Albuquerque, NM 87104

**RE:** Nupson v. Schnader Harrison Segal & Lewis LLP et al., No. 2:18-cv-02505-NIQA

Dear Courtney:

I write in receipt of your September 1, 2021 Notice to Take Videotaped Deposition of Defendant Pursuant to Rule 30(b)(6).

In reviewing your Notice, we observed that (1) you have not addressed the inappropriate overbreadth of topics 2 through 6, which we previously raised to you by letter dated August 13, 2021 and by telephone conference on August 19, 2021, and to which we proposed an alternative compromise by email dated August 24, 2021; and (2) you have added an entirely new topic (topic 1), less than two weeks before the scheduled deposition, on which we have not previously conferred.

As discussed more fully below, we propose that the deposition pursuant to Rule 30(b)(6) proceed as scheduled on September 14, 2021 on the topics on which we can agree, and each side reserves its rights to pursue motion practice following the deposition.

**Topics 2 through 6**

Topics 2 through 6 continue to use language that prevents us from preparing a witness to testify. First, topics "must be describe[d] with reasonable particularity." Fed. R. Civ. P. 30(b)(6). Topics 2 and 3 continue to use the word "regarding." Open-ended phrases like "regarding" and "relating to" are improperly overbroad and burdensome. *Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003) (use of "regarding" and "relating to" is improper where they fail to modify a specific document); *Mackey v. IBP, Inc.*, 167 F.R.D 186, at 197–98 (D.

Courtney Johnson Vidales, Esq.
September 3, 2021
Page 2

Kan. 1996) ("pertaining to" and similar "open ended" phrases render request overbroad and unduly burdensome "on its face"). Similarly, topics 3, 5, and 6 continue to use the phrase "including, without limitation." Phrases like "including but not limited to" are insufficient and overbroad. *Tri-State Hospital Supply Corp.,* 226 F.R.D. 118, 125 (D.D.C. 2005). The overbroad language used in the Notice exposes the witness to all kinds of questions to which our client cannot reasonably prepare to testify.

Second, the topics are not reasonably related to any claim or defense. In topics 4 and 5, you seek "policies and procedures for attorneys acting as *trustees, executors, corporate officers, fiduciaries, and/or representatives*." None of these capacities are at issue in this professional negligence case against Mr. Rosenfield in his capacity as an attorney. There are certainly no allegations of attorneys acting as "corporate officers." The term "fiduciaries" is overbroad because there is no explanation of the term "fiduciaries" that is different from "trustees" or "executors." And the term "representatives" is vague and undefined: we cannot prepare a witness to testify about attorneys acting as "representatives." Moreover, the Court granted Defendants' motion for partial judgment on the pleadings and dismissed claims against Mr. Rosenfield in capacities other than as an attorney. ECF 191. Thus, the discovery you seek on topics 4 and 5 is not reasonably related to any claim or defense in this case.

As to topic 6, there is no allegation concerning Schnader's "policies, procedures and [sic] on collecting, capturing, storing, and reproducing all communications, including but not limited to any handwritten notes, letters, emails, and phone messages[]." Plaintiff's Motion to Compel Discovery Responses has been resolved by the Court and there is no allegation in the Complaint concerning any failure to produce relevant documents. Therefore, this topic is not reasonably related to any claim or defense.

Third, topics 2, 4, and 6 each continue to refer to other "clients" and/or other "attorneys/employees" who are not at issue in this litigation. As we have repeatedly stated, we cannot prepare a witness to testify about other "clients" and other "attorneys/employees" because of overbreadth and because of concerns over attorney-client communications, attorney work product, and client confidentiality.

Notwithstanding these objections, in a good faith attempt to provide you with discovery on these topics, I stated in my email of August 24, 2021 that:

- In response to topics 2 and 3, without waiving any of our objections, we are willing to prepare and produce a witness to testify to Schnader's conflict policies and any enforcement against Mr. Rosenfield. . . .

- In response to topic 4 and old topic 5, without waiving any of our objections, we are willing to prepare and produce a witness to testify to Schnader's policies for attorneys acting as trustees and any enforcement against Mr. Rosenfield. . . .

Courtney Johnson Vidales, Esq.
September 3, 2021
Page 3

- In response to new topic 5, without waiving any of our objections, including relevance, we are willing to prepare and produce a witness to testify to Schnader's document retention policies [, *i.e.*, the firm's policies regarding how long files should be kept following the completion of a matter].

The topics stated in my August 24, 2021 email are phrased in way that allows us to prepare a witness to testify and provide you with the discovery on these topics.

**Topic 1**

With respect to new topic 1, on which we have not previously conferred, we object on three grounds. First, the topic is overbroad and unduly burdensome. The notice refers to "*any and all* profits held nationally" and "*all details* with regards to Schnader's Profit or Loss Statements for the past five years." For reasons explained above, these open-ended phrases are too overbroad for us to prepare a witness to testify. It would be impossible to prepare a witness to answer any question about "*all details* with regards to Schnader's Profit or Loss Statements for the past five years," as your topic currently states.

Second, the topic is more appropriate for written discovery than it is for an organizational party to prepare a witness to testify to "all details" in financial statements. *See SmithKline Beecham Corp. v. Apotex Corp.*, 2004 WL 739959, at *2 (E.D. Pa. Mar. 23, 2004). In fact, you have previously sought discovery on Defendant's financial information in Interrogatory No. 10 and Requests for Production Nos. 58 through 63 in Plaintiff's Second Set of Interrogatories and Fourth Set of Requests for Production. Defendants served objections to these discovery requests nearly 18 months ago, on April 20, 2020. You did not move to compel responses to those discovery requests in your lengthy Motion to Compel Discovery Responses. Moreover, the written discovery deadline has long passed, as the Court recognized in its Revised Scheduling Order dated January 20, 2021. ECF 171. It is improper to use a 30(b)(6) deposition as an end-run around the written discovery deadline. *See McNulty v. Middle East Forum*, Civ. A. No. 19-5029, 2021 WL 2092997, at *1 n.2 (E.D. Pa. Apr. 5, 2021) ("Motions to Compel filed after the discovery deadline are untimely and prohibited, absent good cause."). Plaintiff has waived any right to take discovery on Defendants' financial condition.

Finally, the topic is not reasonably related to any claim or defense. As we stated in our April 20, 2020 objections to Interrogatory No. 10 and Requests for Production Nos. 58 through 63, "the discovery of Schnader's private financial information is prohibited. Discovery of private financial information is inappropriately intrusive absent actual evidence suggesting the issue of punitive damages might go to the jury." Without actual evidence that the issue of punitive damages might go to the jury, this topic is not reasonably related to any claim or defense at this time.

**Proposal**

Schnader is willing to prepare and produce a witness to testify pursuant to Rule 30(b)(6) on September 14, 2021. We propose that the deposition proceed on the areas on which we agree:

Courtney Johnson Vidales, Esq.
September 3, 2021
Page 4

*e.g.*, Schnader's conflict policies from 2000 to June 5, 2014 and any enforcement against Mr. Rosenfield; Schnader's policies for attorneys acting as trustees from 2000 to June 5, 2014 and any enforcement against Mr. Rosenfield; and Schnader's document retention policies.

      We further propose that the parties reserve their rights to pursue motion practice following the deposition to protect their rights. We believe that this proposal allows us to move this case forward in good faith and maximize judicial economy. I ask that you please confirm this understanding in writing before we produce a witness to testify on behalf of Schnader on September 14, 2021.

      As we have stated before and must state again, our willingness to produce a witness is subject to your continued agreement that Schnader's appearance for the deposition pursuant to Rule 30(b)(6) is not a waiver of any objection based on attorney-client privilege, attorney work product, or client confidentiality, and that any attorney-client privilege, attorney work product, or client confidentiality concerns raised at the deposition will be raised with the Court following the deposition. Subject to the foregoing objections, and in the interest of resolving issues in good faith, Schnader is willing to appear for the deposition but reserves the right not to answer questions implicating attorney-client privilege, attorney work product, or client confidentiality in response to any topic.

      We look forward to working with you in good faith to move this case forward.

      Sincerely,

      /s/ *Timothy J. Ford*
      Timothy J. Ford