EXHIBIT G

Case# 2015-X1266-1.10 Received at Montgomery County Register of Wills Office on 03/16/2017 4:29 PM, Fee = $0.00

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**ORPHANS' COURT DIVISION**

**NO. 2015-X1266**

**IN RE: TRUST OF FRANCES S. MIDDLETON, SETTLOR UNDER AGREEMENT OF TRUST DATED FEBRUARY 1, 2001**

**OPINION AND ORDER SUR PETITION OF JOHN S. MIDDLETON AND BRADFORD HOLDINGS, INC. FOR DECLARATORY AND OTHER RELIEF**

Murphy, J. March 16th 2017

John S. Middleton, individually and as former trustee of the Trust of Frances S. Middleton, Settlor dated February 1, 2001 (the "Irrevocable 2001 GRAT"), filed a petition for declaratory relief on April 7, 2015 (the "2015 Petition"). Bradford Holdings, Inc. ("BHI"), a closely-held business controlled by John S. Middleton, as President, is also a petitioner. The petition seeks a declaration that court approval was not required for 2003 transactions in which John S. Middleton, as President of BHI, purchased shares of stock from certain trusts of which John S. Middleton was trustee. Upon consideration of new information presented to this Court in recent filings that reveals a significant omission in the 2015 Petition, this Court has determined *sua sponte,* for the reasons discussed below, that it must dismiss the 2015 Petition. The following factual and procedural background forms the basis for this determination.

Petitioner, John S. Middleton ("John"), asserts that Frances S. Middleton ("Frances") created an irrevocable trust with a date written on the top of the trust instrument of February 1,



THIS DOCUMENT WAS DOCKETED AND SENT ON 03/17/2017

Case# 2015-X1266-1.10 Received at Montgomery County Register of Wills Office on 03/16/2017 4:29 PM, Fee = $0.00

2001. The type of irrevocable trust referenced is known as an irrevocable grantor retained annuity trust, or "GRAT", and such a trust typically provides that the settlor, after making a gift to the trust, will receive a distribution of an annuity amount each year for a period of years. It is alleged that Frances made a gift to the trust of all of her 258,029 Class B non-voting shares in the family business known as BHI. According to the version of the trust instrument that was attached as Exhibit C to the 2015 Petition (the "Amended Trust Version"), Frances named her son, John S. Middleton, as the initial trustee of the Irrevocable 2001 GRAT to serve for the initial two-year period from February 1, 2001 until February 1, 2003. According to the Amended Trust Version, Frances retained an annuity interest payable over two years essentially equal in value to the value of her gift, with the result that she paid no gift tax at the time of this transfer of stock valued, for gift tax purposes, at over $52 million.

This Court need not address at this time the factual allegations concerning the gift made by Frances to the Irrevocable 2001 GRAT or the valuation used by Frances for gift tax purposes. At this time, the Court is unable to determine the precise date of the transfer by Frances of her shares in BHI to the Irrevocable 2001 GRAT.

The Amended Trust Version bears the date at the top of the first page, with the typed words "executed this" followed by the handwritten word "first" followed by the typed words "day of February, 2001" and is signed by Frances S. Middleton as settlor and signed by John S. Middleton as trustee and is initialed on each page by "F.S.M." Immediately above the signatures on page 45 of the Amended Trust Version is typed, "IN WITNESS WHEREOF, FRANCES S. MIDDLETON, Grantor, and JOHN S. MIDDLETON, Trustee, have hereunto set their hands and seals the day and year first above written …."

Case# 2015-X1266-1.10 Received at Montgomery County Register of Wills Office on 03/16/2017 4:29 PM, Fee = $0.00

The Amended Trust Version provides that following the end of the initial two-year period after the creation of the trust, on February 1, 2003, Frances's interest in the trust terminates, and the balance of the principal remaining in the trust is to be divided into three equal shares, one share for each of Frances's children, John, Lucia Hughes and Anna Nupson ("Lucia" and "Anna", respectively). Each of these shares would be held in further trust for each of the children and any descendants of that child, according to the provisions reflected in the Amended Trust Version.

Paragraph 27 of the 2015 Petition states the following:

> 27. Frances created a February 1, 2001 Grantor Retained Annuity Trust (the "2001 GRAT"), which established a two-year GRAT interest to Frances, and thereafter divided into separate trusts for the benefit of each of Lucia, John and Anna and their respective descendants, with cross remainder interests in default of issue. Frances funded the 2001 GRAT with her Bradford shares. *See* Ex. C.

Notably in the 2015 Petition, John did not advise the Court on what precise date the 2001 GRAT was actually signed by Frances. Rather the 2015 Petition merely states that Frances created "a February 1, 2001 Grantor Retained Annuity Trust." The petition also does not disclose the date on which Frances made the gift to the trust of her non-voting shares of BHI. Significantly, the Amended Trust Version states on its face that it was "executed on the first day of February 2001" and does not disclose anywhere in the text of the trust document, as is typical, that it represents an amendment of an earlier trust. Most significantly, the 2015 Petition nowhere discloses any amendment to the Irrevocable 2001 GRAT, much less that the trust was purportedly amended in its entirety,[1] nor does the 2015 Petition disclose the date on which the

[1] *See*, petition for adjudication filed October 5, 2016 by John S. Middleton, co-executor of the Estate of Frances S. Middleton, deceased, former trustee; and petition for adjudication filed February 1, 2017 by John S. Middleton,

Case# 2015-X1266-1.10 Received at Montgomery County Register of Wills Office on 03/16/2017 4:29 PM, Fee = $0.00

Amended Trust Version was signed, which appears to have been after February 1, 2003[2], rather than in 2001. However, as discussed below, John has now disclosed to the Court that the Irrevocable 2001 GRAT was amended and restated in its entirety some time in February of 2003. The question whether the purported amendment of the irrevocable trust is valid is critical to resolution of the issues presented by the 2015 Petition and subsequent motions and filings.

The 2015 Petition quotes at length certain specific provisions of the Amended Trust Version of the Irrevocable 2001 GRAT. For example, the petition quotes and relies upon section FOURTEENTH of the Amended Trust Version of the Irrevocable 2001 GRAT as follows:

> FOURTEENTH: Bradford Holdings, Inc. Stock: A major asset held hereunder is stock in Bradford Holdings, Inc. ("BHI"). Grantor gives to Trustee or Trustees full discretion as to the retention or sale of any or all of the BHI stock held hereunder *without the need for court approval*... (emphasis supplied).

The 2015 Petition, relying in part on this specific language contained in the Amended Trust Version of the Irrevocable 2001 GRAT, seeks a declaration that no court approval was required for the February 2003 self-dealing transactions engaged in by John as trustee, and by John as President of BHI, in which all of the shares of BHI stock held by each of the two trusts set aside for his sisters, Anna and Lucia, under the Irrevocable 2001 GRAT, were purchased by John as President of BHI. Notably, the language quoted above which authorizes the sale of the stock of BHI "without the need for court approval" does not appear in the purported "original" version of the Irrevocable 2001 GRAT now disclosed to the Court by John, as discussed below.

---

former trustee, in which John disclosed that the 2001 GRAT was amended in its entirety and a new document was executed, also dated February 1, 2001.

[2] The rider to paragraph 14 of the petition for adjudication filed February 1, 2017 by John S. Middleton, former trustee, states that the Amended Trust Version of the GRAT "was executed simultaneously with the 2003 Master Settlement Agreement dated February 20, 2003...."

Case# 2015-X1266-1.10 Received at Montgomery County Register of Wills Office on 03/16/2017 4:29 PM, Fee = $0.00

On October 5, 2016, in response to an Order of this Court, John in his capacity as a co-executor of the Estate of Frances filed a petition for adjudication of the account of Frances S. Middleton, trustee of the trust for the benefit of Anna Nupson under the Irrevocable 2001 GRAT, for the period from March 4, 2003 through January 31, 2005, during which Frances served as trustee of the trust. In answer to question 4 of the petition for adjudication, the following disclosure was made to the Court for the first time:

> Settlor executed a document dated February 1, 2001 (the "Original 2001 GRAT") in which she established a two-year grantor retained annuity trust and, at the end of the two year period, all stock in Bradford Holdings, Inc. ("Bradford") would be held in further trust solely for the benefit of John S. Middleton ("John") and his family. Following multiple discussions among Settlor, Lucia M. Hughes ("Lucia"), John and Anna K. Nupson ("Ms. Nupson"), the Original 2001 GRAT was amended in its entirety and a new document was executed, also dated February 1, 2001, (the "Trust"), which included division into separate family trusts for each of Lucia, Ms. Nupson and John, and their families . . . .
>
> Paragraph 1 of the 2003 Master Settlement Agreement, signed by all parties in interest and to which a copy of the new Trust was attached as Exhibit A, provides:
>
> 1. Confirmation of the GRAT. Each of the parties agrees and confirms that the GRAT, a copy of which is attached hereto as Exhibit A, reflects the intent of Frances and all beneficiaries of the GRAT. Each party shall use his, her or its best efforts and cooperate in good faith in executing the terms of the GRAT and in defending the tax treatment of the GRAT.

This disclosure was made on October 5, 2016, in the petition for adjudication filed by John, 19 months after John had filed his 2015 Petition, and after John's sister Anna had filed in response to the 2015 Petition (1) an answer and new matter, (2) a counterclaim and petition for declaratory relief and (3) a motion for summary judgment, all of which relied upon the language, provisions and validity of the Amended Trust Version of the Irrevocable 2001 GRAT. The Hughes family had also filed responsive pleadings to the 2015 Petition.

Case# 2015-X1266-1.10 Received at Montgomery County Register of Wills Office on 03/16/2017 4:29 PM, Fee = $0.00

John has belatedly disclosed to the Court his contentions that a prior version of the Irrevocable 2001 GRAT, which contained significantly different provisions, was signed by Frances in 2001, and that the Irrevocable 2001 GRAT was amended and restated by agreement of all parties in 2003, with the result that the provisions of an irrevocable trust, which expressly provided that it was not subject to revocation or modification, were significantly changed. The changes related both to the distribution of the assets and to the trustee's powers. The Amended Trust Version, although dated February 1, 2001 was not actually signed on February 1, 2001, but rather was signed on a date after February 1, 2003, i.e., after the initial two-year period of the Irrevocable 2001 GRAT. This date is significant because, according to the terms of either version of the trust, as of February 1, 2003, Frances's beneficial interest in the trust had terminated. Under the terms of the "original" version of the Irrevocable 2001 GRAT, now disclosed by John, it appears that the beneficial interest in the principal would have vested in John (rather than in equal shares for John and his two sisters) as of February 1, 2003.

In response to Anna's motion for summary judgment, after extensive briefing and following oral argument on November 7, 2016, in light of his own revelation that there were two different versions of the same irrevocable trust, both apparently dated as of February 1, 2001, John requested leave of this Court to file a supplemental brief. On December 23, 2016, John, through his counsel, filed a sur-reply to Anna's motion for summary judgment, and also filed a lengthy affidavit of John S. Middleton and an affidavit of an attorney, Roy Ross, Esquire, of Schnader, Harrison, Segal and Lewis. In his affidavit, Mr. Ross avers that in 2001, he was the attorney with "primary responsibility for drafting a grantor retained annuity trust for Frances S. Middleton", and that the document attached to his affidavit as Exhibit 1 is a "true and correct copy of the document that Frances S. Middleton signed in 2001." The Exhibit 1 attachment is an

Case# 2015-X1266-1.10 Received at Montgomery County Register of Wills Office on 03/16/2017 4:29 PM, Fee = $0.00

unsigned draft of a trust document which identifies Frances as the grantor and John as the trustee, which provides for a two-year GRAT, with an annuity payable once each year for two years to Frances, and which provides that at the conclusion of the initial two-year term Frances's interest in the trust terminates and the remainder of the principal and income of the trust is to be held in a trust for John (and his family), with Frances as trustee. No precise date on which Frances signed this version of the trust is specified in the affidavit of Roy Ross, which states only that this earlier version of the Irrevocable 2001 GRAT was signed "in 2001."

On February 23, 2017, counsel for John filed a praecipe to attach as an additional exhibit to John's petition for adjudication filed February 1, 2017, a photocopy of a document that purports to be a signed copy of the "original" 2001 version of the Irrevocable 2001 GRAT. No verification that this document is a true and correct copy of an original document has been filed.

Although John has now filed two affidavits in support of his sur-reply to Anna's motion for summary judgment, and a praecipe to attach an additional exhibit, these affidavits and exhibit do little to clarify the facts and this Court cannot at this juncture rely upon them to determine any disputed facts.

Of significant concern, the petition for adjudication filed October 5, 2016 by Mr. Ross's law partner, Bruce A. Rosenfield, Esquire, as trustee, states that there have been no amendments to the trust. Mr. Rosenfield executed a verification in which he verifies the truth and correctness of the facts in the petition. Mr. Rosenfield is presumed to be familiar with the disputed 2003 transactions including the purported amendment of the Irrevocable 2001 GRAT as he represented both Frances and Anna in the transactions that resulted in the execution of the 2003 Master Settlement Agreement and the sale of the BHI stock from the 2001 GRAT and other

Case# 2015-X1266-1.10 Received at Montgomery County Register of Wills Office on 03/16/2017 4:29 PM, Fee = $0.00

trusts.[3] Indeed, Mr. Rosenfield personally witnessed the signatures of Frances and John to the Amended Trust Version signed in February 2003 but dated February 1, 2001.

John argues in footnote 8 on page 26 of his sur-reply to Anna's motion for summary judgment that "Certainly, Pennsylvania law permitted the settlor, the trustee and the beneficiaries to modify a trust document to effectuate any change, even if such a change would violate a material purpose of the trust." John cites no Pennsylvania appellate case adopting this view or adopting as Pennsylvania law section 338 of the Restatement of Trusts, Second. Notably the Amended Trust Version of the Irrevocable 2001 GRAT was created before the adoption in Pennsylvania of the Uniform Trust Act, which is not applicable. Although John argues that section 338 of the Restatement of Trusts, Second applies here, and references two cases from Orphans' Court Divisions of the Courts of Common Pleas, the specific circumstances of this case, which involve a wholesale re-writing of an irrevocable trust, after interests had vested in a beneficiary, appear to differ substantially from the circumstances discussed in the cases referred to by John.

The irrevocable nature of the gift made by Frances to the trust in 2001 has significant implications for the federal gift tax treatment of her gift. Any transfer determined to have been made after February 1, 2003 could be considered a gift by John, rather than a gift by Frances, and may result in additional federal gift tax liability. Determination of the validity of the questionable amendment and complete restatement of the Irrevocable 2001 GRAT will require a factual inquiry and an opportunity for each of the parties to be heard that has not been permitted here as a result of John's concealment from the Court of the circumstances of the purported amendment.

---

[3] *See*, waiver of conflicts letter dated October 11, 2002 from Bruce A. Rosenfield, Esquire to Frances Middleton, Anna Nupson and John Middleton, attached as exhibit D to John's instant petition.

Case# 2015-X1266-1.10 Received at Montgomery County Register of Wills Office on 03/16/2017 4:29 PM, Fee = $0.00

Anna strenuously argues that John should not be permitted to raise factual issues at this late date in the consideration of her motion for summary judgment filed with respect to the petition for declaratory relief and that John should "not be permitted to undermine the validity of the trust he administers." Anna's arguments are inapposite. Here the question of which trust instrument is the operative trust instrument governing the gift made by Frances is inextricably intertwined with the question of precisely which trust agreement with what terms John accepted in 2001 as trustee. Curiously, Anna in her own motion for summary judgment argues that the Irrevocable 2001 GRAT could not be amended or modified. Anna's arguments now seek to put the cat back in the bag. Although the parties may have very significant cause to regret this turn of events, the cat has been let out of the bag. The Court cannot engage in the pretense that the parties appear to suggest, and simply turn a blind eye to the purported amendment of the irrevocable trust.

This Court cannot now ignore the evidence of an attempt to amend and restate in 2003 an irrevocable trust created in 2001, nor can this Court proceed to adjudicate the accounts of the trustees of this trust without determining which document is operative and what dispositive and administrative provisions are controlling. Nor can this Court decide the issues presented by, nor grant the relief requested in the 2015 Petition, nor decide the related motion for summary judgment, without resolving the legal question of which trust instrument is operative.

The undersigned is deeply concerned about the misleading omissions and false statements in pleadings filed in this matter. To the extent the parties seek declaratory relief concerning the validity or invalidity of the 2003 transactions, this Court will consider a petition that discloses the purported amendment and restatement of the Irrevocable 2001 GRAT, establishes the language of the original Irrevocable 2001 GRAT, discloses sufficient facts

Case# 2015-X1266-1.10 Received at Montgomery County Register of Wills Office on 03/16/2017 4:29 PM, Fee = $0.00

concerning the date and circumstances of the alleged amendment and takes a position concerning which trust instrument is operative, and which permits any opposing party to state a consistent or contrary position concerning the validity or invalidity of the purported amendment and restatement. For the foregoing reasons, the following order is appropriate:

**ORDER**

**AND NOW,** this 16th day of March, 2017, the petition for declaratory relief filed by John S. Middleton, individually and as trustee, and by Bradford Holdings, Inc., and all pleadings responsive thereto (including answers and new matter, counterclaims, and answers or replies thereto), are hereby **DISMISSED without prejudice.** The motion for summary judgment of Anna Nupson is hereby **DISMISSED without prejudice.**

The accounts of the trustees for the three separate periods of the administration of the Irrevocable 2001 GRAT, and the petitions for adjudication and the objections to the accounts remain pending and shall not be affected by this Order; provided that the petition for adjudication of Bruce A. Rosenfield, Esquire, as trustee, is hereby **DISMISSED, with instructions to file on or before April 30, 2017,** an amended petition for adjudication that accurately and completely describes any and all amendments to the Irrevocable 2001 GRAT.

All discovery orders and orders for the production of documents remain pending and shall not be affected by this Order.

BY THE COURT:

LOIS E. MURPHY, A.J.

This Order e-filed 3/16, 2017.

Secretary