UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA K. NUPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-02505-NIQA |
| | ) |
| SCHNADER HARRISON SEGAL & LEWIS LLP, and BRUCE A. ROSENFIELD, ESQ., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION**

Defendants, Schnader Harrison Segal & Lewis LLP and Bruce A. Rosenfield, Esquire (collectively "Schnader"), by and through their undersigned counsel, hereby submit the following Responses and Objections to Plaintiff's Third Set of Requests for Admissions and Requests for Production.

By way of background, the central focus of Plaintiff Anna Nupson's Second Amended Complaint ("SAC") is a transaction that took place in late February 2003 ("2003 Stock Sale Transaction"), over fifteen years before she filed this lawsuit, in which Schnader represented Ms. Nupson in connection with the sale of her stock in a family-owned corporation, Bradford Holdings, Inc. ("Bradford").  [SAC, ¶¶ 5-6, 42-43].  As a result of the 2003 Stock Sale Transaction, By way of further response, Defendants state that they lack knowledge or information to enable them to admit or deny the Request.  Bradford redeemed all shares not owned by Plaintiff's brother, John S. Middleton ("John"), members of his immediate family, or trusts for each of their benefits so that John became the sole owner of the company.  [SAC at ¶ 7].  The fundamental basis of Plaintiff's lawsuit is that Schnader allegedly counseled Plaintiff to proceed with the 2003 Stock Sale Transaction, and led her to believe that it was in her best interests, when the Transaction actually benefited John because the price Bradford paid to redeem the shares was allegedly far less than its actual value.  [SAC at ¶ 7].

Plaintiff further alleges that Schnader's advice was driven by Schnader's alleged "undisclosed conflicts of interest," because Schnader also represented John and his company, Bradford.  [*Id*.].  Because it is clear that Plaintiff's purported causes of action center on events that occurred in 2003, she argues to toll the statute of limitations by claiming that she was not aware of all the relevant facts until recently.

Plaintiff's far reaching discovery requests are not tailored to the factual and legal issues relevant to her cause of action, and subject Defendants to impermissible annoyance, oppression, and undue burden and expense.  With this set of written discovery, Plaintiff has served nine interrogatories, 57 requests for production of documents and 109 requests for admission, while

1

failing to produce a single document in response to Defendants' request for production of documents addressed to Plaintiff, which was served more than three months ago.

### **RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS FOR ADMISSIONS**

52. Admit that you met with Herbert H. Middleton, Jr., in 1998 regarding amending his will.

Admit_____ Deny_____

Defendants object to Request No. 52 on the ground that whether or not Schnader met with Herbert H. Middleton, Jr. in 1998 regarding amending his will is not relevant to any claim asserted in the Second Amended Complaint. Herbert H. Middleton, Jr. created a will dated September 7, 1994, which was not amended before his death on May 11, 1998. Defendants further object on the ground that discovery of any meeting with counsel violates the attorney-client privilege.

53. Admit that Herbert H. Middleton, Jr., directed you to prepare his will in 1998.

Admit_____ Deny_____

Defendants object to Request No. 53 on the ground that any instructions by Herbert H. Middleton, Jr., to Schnader are protected by the attorney-client privilege. In addition, whether Herbert H. Middleton, Jr., gave such a direction is not relevant to any claim asserted in the Second Amended Complaint. As stated in response to Request No. 52, Mr. Middleton's 1994 will had not been amended at the time of his death.

54. Admit that on April 30, 1998, Roy Ross billed .60 time for meeting with Bruce Rosenfield to prepare and revise a will summary for Herbert H. Middleton, Jr.

Admit___X___ Deny_____

Defendants object to Request No. 54 on the ground that whether or not Mr. Ross charged .60 hours on April 30, 1998 for a meeting with Mr. Rosenfield "to prepare and revise a will summary for Herbert H. Middleton, Jr.", is not relevant to any claims asserted in the Second Amended Complaint. Defendants further object that discovery on this topic will necessarily invade the attorney-client privilege. In addition, Defendants state that they can neither admit nor deny any possible inferences based on a 22-year-old time entry. Subject to and without waiving the foregoing objections, Defendants admit Request No. 54.

55. Admit that 130,174.50 shares in Bradford Holdings, Inc., were transferred from the Estate of Herbert H. Middleton, Jr., on July 17, 1998.

Admit_____ Deny_____

Defendants object to Request No. 55 on the ground that the transfer of shares in Bradford ("Bradford") is not relevant to any claim asserted in the Second Amended Complaint. Bradford redeemed all shares not owned by John S. Middleton or his immediate family, or trusts for their benefits, in connection with the 2003 Family Settlement Agreements. By way of further

2

(f) John S. Middleton may have produced documents responsive to this request to Plaintiff in the Orphans' Court litigation and may have asserted privilege objections to producing responsive documents.

Subject to and without waiving the foregoing objections, Defendants state that they do not have any responsive documents.

35. Produce all documents reflecting Herbert H. Middleton, Jr. and or his Estate's position(s) as a general partner or member of any partnership at any time concerning assets, interests, stock, or shares in any Middleton Family Business.

**RESPONSE:** Defendants object to Request No. 35 on the following grounds:

(a) The subject of this Request is not relevant to any claim asserted in the Second Amended Complaint .
(b) The request calls for the production of documents protected by the attorney-client privilege.
(c) Defendants cannot produce documents relating to the representation of a client, without the express consent of the client under Rule 1.6 of the Pennsylvania Rules of Professional Conduct.
(d) Plaintiff knows that Defendants provided all their hardcopy documents concerning their representation of Middleton Family Businesses and Middleton family members (other than Plaintiff) to counsel for John S. Middleton in connection with the Orphans' Court litigation between Plaintiff and John S. Middleton.
(e) Defendants object because the request is not proportionate to the needs of the case. This case concerns alleged malpractice in connection with the transaction in 2003 by which Bradford redeemed the shares held by Plaintiff. The documents sought by this request has no probative value whatsoever on the factual or legal issues in this case. Moreover, Plaintiff sought wide-reaching discovery in the Orphans' Court litigation and in fact has superior access to the requested documents than Defendants.
(f) John S. Middleton may have produced documents responsive to this request to Plaintiff in the Orphans' Court and may have asserted privilege objections to producing responsive documents.

Subject to and without waving the foregoing objections, Defendants state that they have no responsive documents..

36. Produce all documents regarding any change(s), reassignment(s), redemption(s), gift or transfer(s) of any Class A, Class B, and or First Preferred stock ownership amount or interest percentage of G.W. Hunter, Inc., Bradford Holdings, Inc., and all other Middleton Family Businesses from January 1, 1987, to March 1, 2008.

**RESPONSE:** Defendants object to Request No. 36 on the following grounds:

(a) The subject of this Request is not relevant to any claim asserted in the Second Amended Complaint .

(b) The request calls for the production of documents protected by the attorney-client privilege.

(c) Defendants cannot produce documents relating to the representation of a client, without the express consent of the client under Rule 1.6 of the Pennsylvania Rules of Professional Conduct.

(d) Plaintiff knows that Defendants provided all their hardcopy documents concerning their representation of Middleton Family Businesses and Middleton family members (other than Plaintiff) to counsel for John S. Middleton in connection with the Orphans' Court litigation between Plaintiff and John S. Middleton.

(e) Defendants object because the request is not proportionate to the needs of the case. This case concerns alleged malpractice in connection with the transaction in 2003 by which Bradford redeemed the shares held by Plaintiff. The documents sought by this request has no probative value whatsoever on the factual or legal issues in this case. Moreover, Plaintiff sought wide-reaching discovery in the Orphans' Court litigation and in fact has superior access to the requested documents than Defendants.

(f) John S. Middleton may have produced documents responsive to this request to Plaintiff in the Orphans' Court and may have asserted privilege objections to producing responsive documents.

Subject to and without waiving the foregoing objections, Defendants state that they have no responsive documents.

37. Produce all documents regarding and or reflecting your position, responsibilities, duties, and compensation as a member of the board of Hunter Service Company, Inc. from January 1, 1990, to present.

**RESPONSE:** Defendants object to the production of "all documents" as unduly burdensome, and not proportional to the needs of this matter. Subject to and without waiving the foregoing objection, Defendants state that they have no responsive documents

38. Produce all documents defining and or reflecting your scope of representation of the probate and non-probate Estate of Herbert H. Middleton, Jr., including your representation of any and all executor(s), representative(s), trustee(s), partner(s), and or any and all person(s) acting on behalf of the probate and or non-probate Estate of Herbert H. Middleton, Jr.

**RESPONSE:** Defendants object to Request No. 38 on the following grounds:

(a) The subject of this Request is not relevant to any claim asserted in the Second Amended Complaint .

(b) The request calls for the production of documents protected by the attorney-client privilege.

(c) Defendants cannot produce documents relating to the representation of a client, without the express consent of the client under Rule 1.6 of the Pennsylvania Rules of Professional Conduct.

(d) Plaintiff knows that Defendants provided all their hardcopy documents concerning their representation of Middleton Family Businesses and Middleton family members

(f) John S. Middleton may have produced documents responsive to this request to Plaintiff in the Orphans' Court litigation and may have asserted privilege objections to producing responsive documents.

Subject to and without waiving the foregoing objections, Defendants state that they have no responsive documents.

57. All plans of reorganization in connection with the 1997 merger of G.W. Hunter, Inc. into Bradford Holdings, Inc. and all documents relating to that transaction.

**RESPONSE:** Defendants object to Request No. 57 on the following grounds:

(a) The requested documents are not relevant to any claim asserted in the Second Amended Complaint.
(b) The request calls for the production of documents protected by the attorney-client privilege.
(c) Defendants cannot produce documents relating to the representation of a client, without the express consent of the client under Rule 1.6 of the Pennsylvania Rules of Professional Conduct.
(d) Plaintiff knows that Defendants provided all their hardcopy documents concerning their representation of Middleton Family Businesses to counsel for John S. Middleton in connection with the Orphans' Court litigation between Plaintiff and John S. Middleton.
(e) Defendants object because the request is not proportionate to the needs of the case. This case concerns alleged malpractice in connection with the transaction in 2003 by which Bradford redeemed the shares held by Plaintiff. The documents sought by this request has no probative value whatsoever on the factual or legal issues in this case. Moreover, Plaintiff sought wide-reaching discovery in the Orphans' Court litigation and in fact has superior access to the requested documents than Defendants.
(f) John S. Middleton may have produced documents responsive to this request to Plaintiff in the Orphans' Court litigation and may have asserted privilege objections to producing responsive documents.

Subject to and without waiving the foregoing objections, Defendants state that they have no responsive documents.

    As to the Objections:

    DILWORTH PAXSON LLP

    */s/ Lawrence G. McMichael*
    Lawrence G. McMichael, Esquire
    Patrick M. Northen, Esquire
    Patrick M. Harrington, Esquire
    Atty. ID Nos. 28550 / 76419 / 317998
    1500 Market Street, Suite 3500E
    Philadelphia, PA 19102-2101
    P: (215) 575-7000 / F: (215) 575-7200

45

                                                        lmcmichael@dilworthlaw.com
                                                        pnorthen@dilworthlaw.com
                                                        pharrington@dilworthlaw.com
*Attorneys for Defendants Schnader Harrison Segal & Lewis LLP, and Bruce A. Rosenfield, Esquire*

As to the Answers:

SCHNADER HARRISON SEGAL
& LEWIS LLP

_____
Wilbur L. Kipnes, Esq.


As to the Answers:

BRUCE A. ROSENFIELD, ESQ.

_____
Bruce A. Rosenfield, Esq.

As to the Answers:

SCHNADER HARRISON SEGAL
& LEWIS LLP

_____
Wilbur L. Kipnes, Esq.


As to the Answers:

BRUCE A. ROSENFIELD, ESQ.


_____
Bruce A. Rosenfield, Esq.