UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA K. NUPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-02505-NIQA |
| ) | |
| SCHNADER HARRISON SEGAL & LEWIS ) | |
| LLP, and BRUCE A. ROSENFIELD, ESQ., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR RULE 37(C)(1) SANCTIONS TO EXCLUDE THE REPORT OF DEFENDANTS' EXPERT WITNESS JOHN FENN AND MOTION FOR AN ORDER TO SHOW CAUSE**

Defendants Schnader Harrison Segal & Lewis LLP ("Schnader") and Bruce A. Rosenfield, Esq. ("Rosenfield" and collectively "Defendants"), by and through their undersigned counsel hereby move this Honorable Court for an order striking Plaintiff's Motion for Rule 37(c)(1) Sanctions to Exclude the Report of Defendants' Expert Witness John Fenn and Motion for an Order to Show Cause [ECF 254] ("Plaintiff's Motion") from the docket for explicit and knowing violation of (1) the plain language of Rule 26(b); and (2) the Stipulated Protective Order [ECF 82] entered into between and among the Parties in this matter. In support thereof, Defendants state as follows:

1. Plaintiff filed her Motion on February 14, 2022 seeking far-ranging and extreme sanctions based upon the inadvertent disclosure of two documents by Counsel for Defendants.[1]

2. Plaintiff's Motion should be stricken for two reasons.

**Plaintiff's Rule 26 Violation**

3. First, Plaintiff's Motion violates Federal Rule of Civil Procedure 26(b)(5)(B) and

---

[1] Defendants oppose the relief sought in Plaintiff's Motion and will substantively respond to such Motion within the time permitted under the Federal Rules so as to protect their rights.

the procedure set forth therein because it attaches and makes public the inadvertently disclosed documents that are the subject to a claim of privilege before presenting the documents to the Court for determination of the privilege claim, as the plain language of the Rule mandates. For this reason alone, Plaintiff's Motion should be stricken, and Plaintiff should either present the documents for a determination of the claim or return and/or destroy them.

4. On January 28, 2022, Counsel for Defendants became aware that two documents had been inadvertently provided to Defendants' experts and Plaintiff in this matter and reached out by phone to Counsel for John Middleton ("John") and Bradford Holdings, Inc. ("Bradford") regarding such inadvertent production.

5. Counsel for John and Bradford responded by email stating that "both documents were among the 'John only' set of electronic files the Schnader Firm provided to us, as counsel for John S. Middleton and Bradford Holdings, Inc., in connection with the Orphans' Court litigation with Ms. Nupson." John and Bradford demanded that Defendants "immediately claw-back both documents from [Defendants'] experts as well as Ms. Nupson and her counsel." The basis of the demand was that their "clients were not asked to, did not, and do not agree that these documents could be provided to [Defendants'] expert witnesses or to Ms. Nupson." John and Bradford explained that neither Defendants nor their counsel "have the ability to waive [their] clients' privilege or other rights in their confidential and proprietary information." A true and correct copy of this January 28, 2022 email is attached hereto as Exhibit A.

6. Later that evening, and pursuant to the demand, Defendant's counsel sent Plaintiff's counsel a letter notifying them of the inadvertent production of these two documents and in turn demanded, pursuant to the direction from John and Bradford, that Plaintiff's counsel confirm the "return of/destruction of these documents immediately." A true and correct copy of

the letter is attached as Exhibit B.

7. Defendants also clawed back the documents from Defendants' experts, who have confirmed their destruction of the documents. Notably, while these two documents were accidentally sent to two of Defendants' experts, who listed the documents as "reviewed" in their respective reports, neither expert relied on them, nor did they form a basis for either expert's opinion.

8. Rule 26(b)(5)(B) states that the receiving party may promptly present the information to the court "for a determination of the claim" of privilege or protection. In this case, the two documents are documents belonging to another Schnader client and Schnader is obligated to keep them confidential under Rule of Professional Conduct 1.6. Once the other clients (John and Bradford) asserted a privilege or protection, Schnader is duty bound to honor it, and has done so through the claw back mechanism of Rule 26. Thereafter "[t]he party claiming a privilege [and] has the burden of establishing the existence of the privilege" *Great W. Life Assur. Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994). John and Bradford explicitly "did not, and do not agree that these documents could be provided to [Defendants'] expert witnesses or to Ms. Nupson." [*See* Ex A.]

9. Plaintiff's Motion is many steps down the road from the clear procedure set forth in Rule 26. "[F]irst, it must be determined whether the documents in question were privileged or otherwise protected." *Wise v. Washington Cty.*, No. CIV.A. 10-1677, 2013 WL 4829227, at *2 (W.D. Pa. Sept. 10, 2013). Instead of presenting the inadvertently produced documents to the Court under seal for a determination of the merits of the producing party's "claim of privilege or of protection," Plaintiff immediately attached the inadvertently produced documents to her publicly filed Motion.

10. Plaintiff did not submit a draft order to the Court and her prayer for relief does not seek the only relief permissible under Rule 26(b)(5)(B), a "determination of the claim" of "privilege or of protection."

11. Accordingly, Plaintiff violated Rule 26(b)(5)(B) by attaching inadvertently produced documents without first seeking a determination of the claim of protection. For this reason, Plaintiff's Motion and the relief sought violate Rule 26(b)(5)(B). Plaintiff's Motion should be stricken.

## Plaintiff's Violation of the Protective Order

12. Second, Plaintiff's Motion violates numerous terms of the Protective Order in force in this case and for this separate, additional reason should be stricken.

13. The Parties to this action entered into a Stipulated Protective Order (the "Protective Order"), of which a true and correct copy is attached hereto as Exhibit C. The Protective Order addresses this exact situation. "Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced Material." [ECF 82 § 3(b)].

14. This Court signed the Protective Order on February 28, 2020, therefore rendering it an Order of this Court [ECF 82].

15. Plaintiff's Motion violates numerous terms of the Protective Order.

16. Any inadvertent production, by the explicit and agreed-upon terms of the Protective Order, cannot be the grounds for an argument of waiver of any applicable privilege or protection.

17. Specifically, the Parties agreed that "[i]f the Receiving Party challenges the propriety of the claim of attorney-client privilege, work-product immunity, or other applicable

privilege or immunity, the Receiving Party <u>shall not assert the fact of the inadvertent production or the reasonableness of the Producing Party's pre-production review as a ground for challenging the later designation as privileged or immune from discovery</u>." [*Id.*] (emphasis added).

18.     But Plaintiff directly argues that the inadvertent production is a ground for challenging the later designation of the documents as privileged or immune from discovery, in direct violation of the Protective Order. Indeed, Plaintiff's Motion has an entire section devoted to argument that "Defendants' production of the identified documents was purposeful and intentional, not inadvertent or accidental." [ECF 254 § C].

19.     The Protective Order also requires an additional "Meet and Confer" obligation as follows:

> A Party that elects to challenge a designation must do so in good faith and, in addition to the written notice, must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. A challenging Party may file a motion challenging the designation only if it has engaged in this meet-and-confer dialogue first. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with these meet-and-confer requirements.

[ECF 82 § 5(b)].

20.     The Parties were in the midst of meeting and conferring about the inadvertently produced documents immediately before Plaintiff filed her Motion.

21.     Notably, Counsel for Plaintiff Courtney Vidales emailed Counsel for Defendants Patrick Harrington on Saturday, February 12, 2022, stating that counsel "can be available for a call on Monday [February 14] if you would like to discuss this further." Harrington responded to Vidales and two other of Plaintiff's counsel that he was "[h]appy to discuss on Monday [February 14] as I think a discussion will be fruitful" and suggested that earlier in the day would be preferable. A true and correct copy of this February 12, 2022 email exchange is attached

hereto as Exhibit D.

22. Counsel for Plaintiff did not respond to Harrington, but rather filed Plaintiff's Motion the evening of February 14 before completing the meet and confer process or giving the Defendants an opportunity to suggest a resolution of this issue without Court intervention.

23. Not only did Plaintiff's counsel violate the Protective Order by failing to meet and confer in good faith, but Plaintiff also failed to attach a declaration required by the Protective Order, which requires that "[e]ach such motion must be accompanied by a competent declaration that affirms that the movant has complied with these meet-and-confer requirements." [ECF 82 § 5(b)].

24. These violations of the provisions of the Protective Order serve as additional grounds upon which Plaintiff's Motion should be stricken.

25. Finally, Plaintiff's counsel was well aware of both their obligations under Federal Rule 26(b)(5)(B) and the Protective Order. Counsel for Defendants sent a February 2, 2022 letter to Plaintiff's counsel reminding counsel of their obligations under Rule 26(b)(5)(B) and under the Protective Order. A true and correct copy of this February 2, 2022 letter is attached hereto as Exhibit E.

26. As an added clarification, Counsel for Defendants even emailed a copy of the Protective Order to Plaintiff's counsel. A true and correct copy of this email is attached hereto as Exhibit F.

27. Based upon the specific references by Defendants to Rule 26(b)(5)(B) and the specific provisions of the Protective Order that govern this exact situation, Plaintiff's Motion should be considered a knowing violation of both the Federal Rule as well as the Protective Order. Accordingly, Plaintiff's Motion should be stricken.

For these foregoing reasons, Defendants respectfully request that this Court Grant its motion, and strike Plaintiff's Motion as procedurally improper for knowingly violating the Federal Rules and the Protective Order.

                                                  Respectfully submitted,

By:   */s/ Lawrence G. McMichael*
       DILWORTH PAXSON LLP
       Lawrence G. McMichael, Esquire
       Patrick M. Harrington, Esquire
       Timothy J. Ford, Esquire
       Jessica L. Titler-Lingle, Esquire
       Pa. Id. Nos. 28550/317998/325290/320618
       1500 Market Street, Suite 3500E
       Philadelphia, PA 19102-2101
       P: (215) 575-7000 / F: (215) 575-7200
       lmcmichael@dilworthlaw.com
       pharrington@dilworthlaw.com
       tford@dilworthlaw.com
       jtitler-lingle@dilworthlaw.com
       *Attorneys for Defendants Schnader Harrison Segal & Lewis LLP, and Bruce A. Rosenfield, Esquire*

Dated: February 18, 2022