# Exhibit A

**Harrington, Patrick M.**

---

| | |
|---|---|
| **From:** | Ward, Rebecca <rebecca.ward@blankrome.com> |
| **Sent:** | Friday, January 28, 2022 3:49 PM |
| **To:** | Harrington, Patrick M. |
| **Subject:** | Middleton:  Nupson v. Schnader |

Patrick—

I write as a follow-up to our telephone discussion earlier this afternoon regarding (a) the six-page document consisting of an April 5, 2002 letter from Larry Laubach to Bruce Rosenfield, plus its attachment of a March 12, 2002 letter from Ernst & Young to Annette Madison (collectively, the "April 5, 2002 Letter") and (b) the 59-page document entitled "Valuation of a Minority Block of the Non-voting Common Stock of Bradford Holdings, Inc. as of March 3, 2003 (the "Compass Valuation").  It is my understanding that your firm provided copies of these two documents to one or more of your experts in Ms. Nupson's lawsuit against your clients, the Schnader Firm and Bruce Rosenfield (though your experts do not identify them as materials "relied upon" in forming their opinions) and then, at the request of Ms. Nupson's counsel, provided them with copies.

I have confirmed that both documents were among the "John only" set of electronic files the Schnader Firm provided to us, as counsel for John S. Middleton and Bradford Holdings, Inc., in connection with the Orphans' Court litigation with Ms. Nupson.  The April 5, 2002 Letter and its attachment were withheld from production in the Orphans' Court litigation as responsive but privileged, and listed on our privilege logs.  The Compass Valuation was non-responsive to Ms. Nupson's Orphans' Court discovery requests as limited by our clients' objections, and thus not listed on a privilege log – if it had been responsive, it would have been withheld and would have been logged.  I understand your production to your experts and to Ms. Nupson was made without an understanding that they were "John only" documents subject to our clients' invocation of privilege.  You have only learned today that these documents should not have been provided to your experts or to Ms. Nupson.

Our clients were not asked to, did not, and do not agree that these documents could be provided to your expert witnesses or to Ms. Nupson.  Neither you nor your clients have the ability to waive our clients' privilege or other rights in their confidential and proprietary information.  Accordingly, we demand that the Schnader Firm, and you as their counsel, immediately claw-back both documents from your experts as well as Ms. Nupson and her counsel.

**Rebecca D. Ward** (*she/her*) | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5397 | F: 215.832.5397 | M: 215.287.6199 |  rebecca.ward@blankrome.com

*******************************************************************************************
***************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

# Exhibit B



DIRECT DIAL NUMBER:                                                    Patrick M. Harrington
(215) 575-7236                                                  pharrington@dilworthlaw.com


January 28, 2022


**<u>VIA ELECTRONIC MAIL</u>**
Courtney Johnson Vidales
Mucci Law Firm
1600 Rio Grande Blvd. NW
Albuquerque, NM 87120
courtney@muccilaw.com


RE:    **Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)**
       **Document Clawback**

Dear Courtney:

I write to notify you of Defendants' clawback of inadvertently produced documents produced on January 26, 2022 in connection with Defendants' Expert Reports.  Specifically Defendants claw back: (a) the six-page document consisting of an April 5, 2002 letter from Larry Laubach to Bruce Rosenfield, plus its attachment of a March 12, 2002 letter from Ernst & Young to Annette Madison (collectively, the "April 5, 2002 Letter") labeled SCHNADER_EXP_000008-000013 and SCHNADER_EXP_000014-000019; and (b) the 59-page document entitled "Valuation of a Minority Block of the Non-voting Common Stock of Bradford Holdings, Inc. as of March 3, 2003 (the "Compass Valuation") labeled SCHNADER_EXP_000020-000078.

My firm realized, today, that both these documents were among the "John only" set of electronic files Schnader provided in connection with the Orphans' Court litigation with Ms. Nupson, and reached out to counsel for John Middleton and Bradford Holdings to inform counsel of the inadvertent disclosure to Plaintiff's counsel and Defendants' experts.  Counsel demanded that the Schnader Firm, and my firm as their counsel, immediately claw-back both documents from Defendants' experts as well as Ms. Nupson and you, her counsel.

Courtney Vidales
January 28, 2022
Page 2


   Please confirm your return of/destruction of these documents immediately.  We have separately reached out to Defendants' Experts Fenn and Schneider clawing back these documents and directing them to return/destroy these documents.

            Sincerely,

            Patrick M. Harrington

# Exhibit C

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANNA K. NUPSON, )
)
    Plaintiff, )
)
    v. )    Case No. 2:18-cv-02505-NIQA
)
SCHNADER HARRISON SEGAL & LEWIS )
LLP, and BRUCE A. ROSENFIELD, ESQ., )
)
    Defendants. )

**FILED**

FEB 2 8 2020

KATE BARKMAN, Clerk
By_____ Dep Cler'

## STIPULATED PROTECTIVE ORDER

    The Parties believe that this Action will involve valuable personal and private information for which special protection from public disclosure and from use for any purpose other than litigating this Action is warranted.[1] To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery Materials, to adequately protect information the Parties are entitled to keep Confidential, and to ensure that the Parties are permitted reasonably necessary uses of such Materials in preparation for and in the conduct of trial, pursuant to the Federal Rules of Civil Procedure, and for good cause shown,

    IT IS HEREBY ORDERED THAT:

## DEFINITIONS

1. "Action": the above-captioned case, the case pending in the Eastern District of Pennsylvania captioned *Anna K. Nupson v. Schnader Harrison Segal & Lewis LLP, and Bruce A. Rosenfield*, Case No. 2:18-cv-02505-NIQA.

---

[1] The terms, "Action," "Parties," and "Materials" shall be construed in accordance with the definitions of these terms set forth in the "Definitions" Section of this Protective Order.

2. "Party" or "Parties": any Party to the Action, including all of its agents and assigns, officers, directors, employees, retained experts, and consultants, and Outside Counsel (and their support staff).

3. "Material": all information, documents, items and things produced, served, or otherwise provided in the Action (whether paper, electronic, tangible, or otherwise) by the Parties or by non-parties.

4. "Producing Party": a Party or non-party that produces, furnishes, or discloses Material during the course of the Action, for example in response to discovery requests or in the form of pleadings, briefs, memoranda, testimony adduced at trial, or materials introduced into evidence.

5. "Receiving Party": any Party to which a Producing Party produces, furnishes, or discloses Material, whether voluntarily or in response to formal or informal discovery requests, subpoenas, deposition notices, or court orders in the Action.

6. "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

7. "CONFIDENTIAL Material": Material that is comprised of personal, financial, or commercial information that is not publicly known and constitutes proprietary business information, personal information of a sensitive nature, and all information required by law or agreement to be kept confidential.

8. "ATTORNEYS' EYES ONLY Material": Material that is comprised of Confidential Information that the Producing Party deems especially sensitive, and as such, the group of individuals to whom such Material is revealed must be limited accordingly.

2

9.     "Designated Material": Material that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

10.    "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in the Action and who is not a current or anticipated future employee or affiliate of a Party.

## TERMS AND CONDITIONS

### 1.     GENERAL LIMITATIONS ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

Material designated as either CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Protective Order that is produced by a Designating Party in the Action, and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, shall be used only for the purpose of this litigation and not for any other purpose, including, without limitation, any use in other legal matters or litigation outside the Action, business or commercial purpose, or dissemination to the media or public.  Any person in possession of Designated Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Material in order to ensure that the confidential nature of the Material is maintained.  If Designated Material is disclosed or comes into the possession of any person other than in a manner authorized by this Protective Order, any Party having knowledge of the disclosure must immediately inform the Producing Party (and, if not the same person or entity the Designating Party) of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such Material and to prevent further disclosure.

3

## 2. PROCEDURE FOR DESIGNATING MATERIALS

(a)     <u>Documents and Other Tangible Materials</u>.  The designation of Material in the form of documents, discovery responses, or other tangible materials (other than depositions or other pre-trial testimony) shall be made by the Designating Party by conspicuously affixing (physically or electronically) the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page containing information to which the designation applies (or in the case of computer medium on the medium label and/or cover).  To the extent practical, the legend shall be placed on the same line or otherwise near the Bates number identifying the Material.  If a document has more than one designation, the more restrictive or higher designation applies.

(b)     <u>Non-tangible Materials</u>.  All Designated Materials that are not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth in Section 2(a) above shall be designated by the Designating Party by informing the Receiving Party in writing.

(c)     <u>Deposition Testimony and Transcripts</u>.   Any Party may designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY Material that is disclosed at a deposition by indicating on the record at the deposition that the testimony is CONFIDENTIAL or ATTORNEYS' EYES ONLY and is subject to the provisions of the Protective Order.  Any Party also may designate Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY by notifying the court reporter and all of the parties, in writing, within ten (10) days after receipt of the final deposition transcript, of the specific pages and lines of the final transcript that should be treated thereafter as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  The Designating Party must also provide a revised copy of the transcript with a corrected designation on the face of the transcript.  The Receiving Party must certify in writing within ten (10) days of the receipt of the

corrected transcript that all the old transcripts without the correct designation have been destroyed.

(d)     Non-party Designations.  Non-parties who produce Material in the Action may avail themselves of the provisions of this Protective Order, and such Material produced by non-parties shall be treated by the Parties in conformance with this Protective Order.  A non-party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in the Action.

## 3.     INADVERTENT PRODUCTION

(a)     Inadvertent Failures to Properly Designate.  If a Party or non-party inadvertently produces Material without labeling or otherwise designating it in accordance with the provisions of this Protective Order, the Party or non-party may give written notice to the Receiving Party that the Material previously produced is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY and should be treated as such in accordance with the provisions of this Protective Order. The Receiving Party must treat such Material according to its most recent designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY from the date such notice is received.  If, before receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party shall make reasonable efforts to assure that the Material is treated in accordance with the provisions of this Protective Order.

(b)     No Waiver of Privilege.  Pursuant to the common law of the Commonwealth of Pennsylvania, the production or inspection of Material that a Producing Party claims was inadvertent and should not have been produced or disclosed because of the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity is not and

5

shall not be deemed to be a waiver of any such privilege or immunity to which the Producing Party would have been entitled had the Material not inadvertently been produced or disclosed. Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced Material. The Receiving Party may challenge whether the Material is protected from discovery at any time. If the Receiving Party challenges the propriety of the claim of attorney-client privilege, work-product immunity, or other applicable privilege or immunity, the Receiving Party shall not assert the fact of the inadvertent production or the reasonableness of the Producing Party's pre-production review as a ground for challenging the later designation as privileged or immune from discovery.

## 4. MATERIAL NOT COVERED BY THIS PROTECTIVE ORDER

Material shall not be considered CONFIDENTIAL or ATTORNEYS' EYES ONLY if:

(a)     it is in the public domain at the time of disclosure;

(b)     it becomes part of the public domain as a result of publication not involving a violation of this Protective Order;

(c)     the Receiving Party can show it was in the Receiving Party's rightful and lawful possession at the time of disclosure;

(d)     the Receiving Party lawfully received it from a non-party without restriction as to disclosure, provided such non-party had the right to make the disclosure to the Receiving Party; or

(e)     the Receiving Party can show it was independently developed by the Receiving Party after the time of disclosure by personnel who did not have access to the Producing Party's Designated Material.

6

## 5.  CHALLENGES TO DESIGNATIONS

(a)  <u>Written Notice</u>.  The Designating Party shall not designate any Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY unless the Designating Party believes in good faith that the Material should be so designated.  Nothing in this Protective Order shall prevent a Receiving Party from contending that any Material has been improperly designated at any time.  If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge.  If, after meeting and conferring, the Parties do not resolve the dispute, the Receiving Party may file a motion with the Court challenging the designation as invalid as set forth below.

(b)  <u>Meet and Confer</u>.  A Party that elects to challenge a designation must do so in good faith and, in addition to the written notice, must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  A challenging Party may file a motion challenging the designation only if it has engaged in this meet-and-confer dialogue first.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with these meet-and-confer requirements.

(c)  <u>Judicial Intervention</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties shall continue to afford the Material in question the level of protection to which it is entitled under the Designating Party's designation.

## 6.  INSPECTION OF MATERIALS

Material made available for inspection by Outside Counsel for the Receiving Party shall initially be considered to be ATTORNEYS' EYES ONLY and subject to this Protective Order

7

even though no formal designation has yet been made. Thereafter, the Producing Party shall have seven (7) calendar days to review and designate the inspected Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY prior to furnishing copies to the Receiving Party.

## 7. ACCESS TO CONFIDENTIAL MATERIAL

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, CONFIDENTIAL Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 16 below regarding use of Designated Material at depositions):

(a)     The Court and its personnel;

(b)     Outside Counsel representing each Party in this Action who require access to CONFIDENTIAL Material for purposes of litigating this Action;

(c)     Outside Consultants who have signed (or for whom a representative has signed) Exhibit A hereto prior to any disclosure of CONFIDENTIAL Material;

(d)     Personnel of e-discovery management, graphics, litigation support, court reporters, videographers, and trial/jury consulting firms, including any mock jurors, engaged by a party or its attorneys in connection with this litigation who have signed (or for whom a representative has singed) Exhibit A hereto prior to any disclosure of CONFIDENTIAL Material;

(e)     Parties to this Action; and

(f)     Employees, officers, or directors of a Receiving Party who have responsibility for maintaining, defending, or evaluating this litigation (and supporting personnel), who have signed Exhibit A hereto prior to any disclosure of CONFIDENTIAL Material.

8

## 8. ACCESS TO ATTORNEYS' EYES ONLY MATERIAL

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, ATTORNEYS' EYES ONLY Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 12 below regarding use of Designated Material at depositions):

(a)     The Court and its personnel;

(b)     Counsel representing each Party in this Action who require access to ATTORNEYS' EYES ONLY Material for purposes of litigating this Action;

(c)     Outside Consultants who have signed (or for whom a representative has signed) Exhibit A hereto prior to any disclosure of ATTORNEYS' EYES ONLY Material; and

(d)     Personnel of e-discovery management, graphics, litigation support, court reporters, videographers, and trial/jury consulting firms, including any mock jurors, engaged by a Party or its attorneys in connection with this litigation who have signed (or for whom a representative has signed) Exhibit A hereto prior to any disclosure of ATTORNEYS' EYES ONLY Material.

## 9. EXCEPTIONS TO LIMITATIONS ON DISCLOSURE

Nothing in this Protective Order prevents disclosure of Designated Material in the following situations: (a) by the Producing Party to anyone else the Producing Party deems appropriate; (b) by the Receiving Party to a director, officer, and/or employee of the Producing Party who has or is eligible to have access to the Designated Material by virtue of his or her position with the Producing Party; (c) by a Party to any person, whether or not affiliated with the Producing Party at the time of disclosure, who either authored the Designated Material, in whole or in part, or who has independently received the Designated Material other than through a

9

means constituting a breach of this Protective Order; or (d) to any person who is reasonably identified as previously having had access to the Designated Material, which identification is made by the sworn testimony of another or unambiguously appears on the face of a document, other than through a means constituting breach of this Protective Order.

## 10. FILING UNDER SEAL

All documents containing Designated Material filed with the Court shall be filed in accordance with the rules of the Court regarding the filing of documents under seal.

## 11. USE AT DEPOSITIONS

(a)     Except as otherwise ordered by the Court, any deposition or trial witness may be examined and may testify concerning Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

1.     A Party or present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Designated Material that has been produced by that Party.

2.     A Party or former director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Designated Material that has been produced by that Party. For the avoidance of doubt, nothing in this Section permits Plaintiff to review Material designated ATTORNEYS' EYES ONLY produced by Defendants and nothing in this section permits Defendants to review Material designated ATTORNEYS' EYES ONLY produced by Plaintiff.

3.     The witness, although not identified as an author, addressee, or recipient of such Designated Material, has personal knowledge of the content of the Designated Material and/or was or is associated with the Producing Party.

4.      Non-parties may be examined or testify concerning any document containing Designated Material that appears on its face or from other documents or testimony to have been received from, or communicated to, the non-party including as a result of any contact or relationship with the Producing Party. Where the Material is designated ATTORNEYS' EYES ONLY, any person other than the witness, his or her counsel, and any person qualified to receive Designated Material under this Protective Order shall be excluded from the portion of the examination concerning such Material, absent the consent of the Producing Party. If the witness is represented by an attorney who is not qualified under this Protective Order to receive Designated Material, then prior to the examination, the attorney shall be given a copy of this Protective Order and informed on the record that he or she is bound by the term of this Protective Order.

(b)      Except in the case of an Outside Consultant serving as an expert witness and bound by the terms of the Protective Order or a witness from a Producing Party that is otherwise authorized to see Designated Material from his or her own Producing Party, witnesses may not retain copies of any Designated Material used or reviewed at a deposition, and may not take out of the deposition room any exhibit that is marked CONFIDENTIAL or ATTORNEYS' EYES ONLY.

## 12.     STIPULATIONS OR ADDITIONAL RELIEF FROM THE COURT

The Parties may, by stipulation, provide for exceptions to this Protective Order. Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Protective Order with respect to particular Designated Material.

11

## 13.    RETURN OF DESIGNATED MATERIAL

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after a final, non-appealable judgment or Order, or the complete settlement of all claims asserted against all Parties in the Action, each Receiving Party must destroy or return all Designated Material to the Producing Party (at the Receiving Party's option).  As used in this Section, "Designated Material," includes Designated Material and any derivatives therefrom, including, but not limited to, all copies, abstracts, compilations, summaries, notes, or any other form of reproducing, referring to, or capturing any portion of the Designated Material.  The Receiving Party's obligation to destroy or return Designated Material received from another Party extends to Designated Material the Receiving Party disclosed to others pursuant to this Protective Order.  Notwithstanding this Section, Outside Counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Whether the Designated Material is returned or destroyed, the Receiving Party must, if asked to, submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that all the Designated Material was returned or destroyed.  Notwithstanding this Section, counsel are entitled to retain an archival copy of all pleadings, motion papers (including all supporting and opposing papers and exhibits and declarations thereto), transcripts, legal memoranda, correspondence, briefs (including all supporting and opposing papers and exhibits and declarations thereto), written discovery requests and responses, exhibits offered or introduced into evidence at trial, or work product.

14. **INJUNCTIVE RELIEF**

The Parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Protective Order, the actual or potentially aggrieved entity may immediately apply to obtain injunctive relief against any such violation or threatened violation, and any respondent who is subject to the provisions of this Protective Order may not employ as a defense that the movant possesses an adequate remedy at law.

15. **SURVIVAL OF ORDER**

The terms of this Protective Order shall survive the final termination of the Action to the extent that any Designated Material is not or does not become known to the public. This Court shall retain jurisdiction over the Action for the purpose of enforcing this Protective Order unless the Action is transferred to another forum. The Parties agree that any order of dismissal of the Action as to any or all Parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal. Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

16. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material to a third party, the Receiving Party must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, facsimile, or e-mail) promptly and in no event more than ten (10) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The purpose of imposing this duty is to afford the Producing or Designating Party in the Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena

13

or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

## 17. OTHER PROCEEDINGS

By entering this Order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information is relevant and subject to disclosure in another case. Any person or party subject to a motion to disclose another party's information designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY pursuant to this Protective Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

## 18. TREATMENT PRIOR TO ENTRY OF ORDER

Each Party agrees to be bound by the terms of this Protective Order as of the date it is filed with the Court for the Court's consideration, even if prior to entry of the Protective Order by the Court. If the Court changes any provisions proposed by the Parties, the changes will apply retroactively, except that no conduct occurring prior to entry of the Protective Order that was permissible under the proposed provisions shall be deemed a violation of any such changed provision.

_Thomas Budd Mucci_

Respectfully Submitted,

/s/ Kimberly Brusuelas
Kimberly Brusuelas, Esquire
5TH STREET LAW
312 San Pasquale Ave. NW
Albuquerque, NM 87104
kim@fifthstreetlaw.com
*Attorneys for Plaintiff Anna K. Nupson*

/s/ Lawrence G. McMichael
Lawrence G. McMichael, Esquire
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
lmcmichael@dilworthlaw.com
*Attorneys for Defendants Schnader Harrison Segal
& Lewis LLP and Bruce A. Rosenfield, Esq.*

APPROVED AND     BY THE COURT:
IT IS SO ORDERED:

Nitza I. Quiñones-Alejandro

Dated:
FEB. 28, 2020

15

# Exhibit D

**Harrington, Patrick M.**

| | |
|---|---|
| **From:** | Harrington, Patrick M. |
| **Sent:** | Saturday, February 12, 2022 10:48 AM |
| **To:** | 'Courtney Vidales' |
| **Cc:** | bdavis@daviskelin.com; Justin Kaufman |
| **Subject:** | RE: Nupson v Schnader |

Courtney:
The outbound email filter scrubs certain metadata out of attachments, and it seems like it did that here – eliminating my highlights.  I looked in my sent mail and all that is saved there are the scrubbed attachments.  That being said, the passages you excerpt below capture most, if not all, of the passages I highlighted.  Happy to discuss on Monday as I think a discussion will be fruitful as it is clear that we both read the same language and seem to have different takeaways.  My afternoon is very busy, so ideally I would like to discuss before noon if that is agreeable on your end.
Thanks,
Patrick

PATRICK HARRINGTON | DILWORTH PAXSON LLP
1500 Market Street | Suite 3500E | Philadelphia, PA 19102
Tel: (215) 575-7236 | Cell: (609) 276-6564 | Fax: (215) 754-4603
pharrington@dilworthlaw.com | www.dilworthlaw.com

**From:** Courtney Vidales [mailto:courtney@muccilaw.com]
**Sent:** Saturday, February 12, 2022 6:24 AM
**To:** Harrington, Patrick M.
**Cc:** bdavis@daviskelin.com; Justin Kaufman
**Subject:** FW: Nupson v Schnader

Patrick,

Perhaps we missed something but there are no highlights on the documents provided with your February 8, 2022 email. Please forward the highlights so that we can review them.

In reviewing the documents you emailed, we found the below cites regarding Defendant's representations that were made to the Court regarding their possession of documents. Based on these and other similar representations, we understood that Defendant's did not have any documents, beyond what was produced, in their possession that were responsive to Plaintiff's discovery in this matter. If this is incorrect, please help us to understand what exactly Defendant's do and do not have in their possession that was not produced to Plaintiff.

We will be filing a Motion with the Court on this issue but can be available for a call on Monday if you would like to discuss this further.

Courtney

*Defendant's Sur-Reply: pages 5-6- " Consistent with the protocol, Schnader produced the universe of documents and ESI that it had involving its representation of Plaintiff. As a result, Schnader produced all of its documents and ESI that related to the transactions at issue in this case – including the modified GRAT, the 2003 family settlement agreements and the stock purchase agreement by which Bradford redeemed Plaintiff's shares in the company. That universe of documents has not changed."*

*Defendant's Response to Motion to Compel: page 3: " Schnader would distribute those documents to the parties based on Schnader's initial determination of which party was its client with respect to each matter. Plaintiff and John could then determine which documents were responsive and whether to assert any privilege. Accordingly, Schnader provided any hard copy documents relating to GRAT I to John and provided any hard copy documents relating to the family settlement agreement and GRAT II both to Plaintiff and to John"*

*" Schnader's long-standing policy had been (and remains) that emails are automatically deleted after ten years and are no longer accessible. Thus, emails created before March 24, 2005 could not be retrieved unless they had been copied and placed in correspondence files (at which point they became "hard copy" documents). In addition, there were no documents on the firm's document management system relating to the formation of GRAT I."*

*Page 10: "Schnader has fulfilled its discovery obligations to Plaintiff by conducting reasonable searches and producing all non-privileged, responsive documents within its possession."*

*"As Schnader has advised Plaintiff previously, all documents in Schnader's possession relating to the formation of GRAT I were provided to John Middleton (in his capacity as Frances's executor) pursuant to the protocol agreed upon in the Orphans' Court."*

*Page 13: "The purpose of the subject matter waiver doctrine is to prevent parties from selectively disclosing attorney-client communications for use as both a shield and a sword. See, e.g., Savage v. Pa. Turnpike Comm'n, No. 2:15-cv-6501, 2018 WL 2670037, at \*26 (E.D. Pa. June 1, 2018). That is, "[w]here one party attempts to utilize the privilege as an offensive weapon, selectively disclosing communications in order to help its case, that party should be deemed to have waived the protection otherwise afforded it by the privilege it misused." Murray v. Gemplus Int'l, S.A., 217 F.R.D. 362, 367 (E.D. Pa. 2003). Schnader has made no use of the document and does not intend to make use of the document. As noted consistently through this opposition, Schnader cannot presume to waive a client's privilege under any circumstances."*

*"All documents related to GRAT II in Schnader's possession have been produced to Plaintiff either as part of the Orphans' Court litigation or the instant matter."*

*"In 2016, John and Plaintiff agreed that in order to respond to each other's requests for production of documents in the Orphans' Court litigation between them, Schnader would review all of the documents, hard copy and ESI, in its possession and would distribute them to the parties based on Schnader's initial determination of which party was its client as to which matter. Ex. 1 (Kipnes Decl. ¶ 8)."*

*"Other than privileged or confidential documents belonging to other clients, Plaintiff does not identify any category of relevant documents she claims Schnader has not produced. Plaintiff cannot do so because Schnader produced all non-privileged documents in its hard copy and ESI production to Plaintiff and John in the Orphans' Court litigation. Ex. 1 (Kipnes Decl. ¶ 4)."*

*Page 17 "To be clear, Plaintiff's real issue with the Orphans' Court production is that it does not include documents related to GRAT I. This issue will not be solved by a new ESI search because, as discussed above, there is no ESI from 2001."*

**From:** Harrington, Patrick M. <pharrington@dilworthlaw.com>
**Sent:** February 08, 2022 2:12 PM
**To:** Ben Davis <bdavis@daviskelin.com>
**Subject:** Nupson v Schnader


Ben:

I left you a voicemail to call me back, but it seems like a better approach to send you some prior filings and discovery responses, that might help provide some clarity as to Defendants' prior representations to the Court as to certain documents.  To that end, attached please find highlighted copies of Defendants' Opposition to Plaintiff's Motion to Compel, Defendants' Sur-Reply to same, and Defendants Objections and Responses to Plaintiffs' RFPs.  I am happy to jump on a call to discuss further, if you'd like.


Be well,
Patrick



PATRICK HARRINGTON | DILWORTH PAXSON LLP
1500 Market Street | Suite 3500E | Philadelphia, PA 19102
Tel: (215) 575-7236 | Cell: (609) 276-6564 | Fax: (215) 754-4603
pharrington@dilworthlaw.com | www.dilworthlaw.com

---

www.DilworthLaw.com

This E-Mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this communication in error, please do not distribute it and notify us immediately by email: postmaster@dilworthlaw.com or via telephone: 215-575-7000 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

# Exhibit E



DIRECT DIAL NUMBER:                                                          Patrick M. Harrington
(215) 575-7236                                                           pharrington@dilworthlaw.com

February 2, 2022

**VIA ELECTRONIC MAIL**
Courtney Johnson Vidales
Mucci Law Firm
1600 Rio Grande Blvd. NW
Albuquerque, NM 87120
courtney@muccilaw.com

RE:     **Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)**
        **Document Clawback**

Dear Courtney:

        I write in follow-up to my January 28, 2022 letter and your February 1, 2022 email
response thereto.  In my January 28 letter I notified you of Defendants' clawback of two
inadvertently produced documents labeled SCHNADER_EXP_000008-000078 inclusive.  In
your February 1, 2022 email response, you noted that you "cannot agree to return or destroy the
documents because your experts have identified, reviewed, and relied upon these documents
when forming their expert opinions."

        First, I wanted to clarify what seems to be a material reason for your refusal to return or
destroy these documents.  Defendants' experts Fenn and Schneider neither cite to, nor rely upon
either of these documents in forming their, respective, opinions.  Rather, these two documents
were merely reviewed along with many other documents in connection with their expert
retention.  Specifically, the Fenn report does not cite to either document and the Schneider report
explicitly lists the applicable documents under the heading "MATERIALS REVIEWED BUT
NOT CITED."   Furthermore, both experts have destroyed the documents pursuant to the
clawback request.

        Second, Federal Rule of Civil Procedure 26(b)(5)(B) states, in pertinent part, that "[i]f
information produced in discovery is subject to a claim of privilege… the party making the claim
may notify any party that received the information of the claim and the basis for it."  The Rule
continues to demand that "[a]fter being notified, **a party must promptly return, sequester, or
destroy the specified information and any copies it has**; must not use or disclose the
information until the claim is resolved; [and] **must take reasonable steps to retrieve the**

1500 Market Street  •  Suite 3500E  •  Philadelphia, PA 19102-2101  •  215-575-7000  •  Fax:  215-575-7200
www.dilworthlaw.com • Cherry Hill, NJ • Harrisburg, PA • Princeton, NJ • Wilmington, DE • New York, NY

122649717_1

Courtney Vidales
February 2, 2022
Page 2

**information if the party disclosed it before being notified**[.]" (emphasis added.)  Accordingly, you have been notified, and must "promptly return, sequester, or destroy the specified information and any copies," "must not use or disclose the information," and "must take reasonable steps to retrieve the information if the party disclosed it before being notified." *See* FRCP 26(b)(5)(B).  Your stated basis for failing to comply with the clawback request does not comport with the plain language of the Rule and your clear and unequivocal obligations thereunder.

Furthermore, and in addition to your obligations under the Federal Rules, pursuant to Section 3(b) of the Protective Order entered in this matter (a copy of which is enclosed here), we restate our demand for the return (and/or certification of destruction) of all copies of inadvertently produced documents labeled SCHNADER_EXP_000008-000078.  As stated in the Protective order, "[u]pon request by the Producing Party, the Receiving Party **shall immediately return** all copies of such inadvertently produced Material." (emphasis added.)  Similarly, the clear requirement for "immediate[] return" of inadvertently produced material is not subject to interpretation.

Please confirm your intentions to comply with the Federal Rules and the requirements of Section 3(b) of the Protective Order so that we may avoid the need for motion practice to resolve this issue.  If you continue to refuse to comply, we reserve our right to seek judicial intervention in the matter.

Sincerely,

Patrick M. Harrington

Enclosure

# Exhibit F

**Harrington, Patrick M.**

| | |
|---|---|
| **From:** | Harrington, Patrick M. |
| **Sent:** | Wednesday, February 2, 2022 1:44 PM |
| **To:** | 'Courtney Vidales' |
| **Cc:** | McMichael, Lawrence G.; 'Ben Davis'; 'Justin Kaufman'; 'Tom Mucci' |
| **Subject:** | RE: Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures) |
| **Attachments:** | Protective Order.pdf |

Attached is a copy of the protective order for your reference

**PATRICK HARRINGTON | DILWORTH PAXSON LLP**

1500 Market Street | Suite 3500E | Philadelphia, PA 19102

Tel: (215) 575-7236 | Cell: (609) 276-6564 | Fax: (215) 754-4603

pharrington@dilworthlaw.com | www.dilworthlaw.com

---

**From:** Harrington, Patrick M.
**Sent:** Wednesday, February 2, 2022 1:39 PM
**To:** 'Courtney Vidales'
**Cc:** McMichael, Lawrence G.; Ben Davis; Justin Kaufman; Tom Mucci
**Subject:** RE: Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)

Courtney:
Please see attached correspondence regarding the clawback of inadvertently produced documents.  As to document 152 of the Fenn report, that document has been produced and is in your possession.
Patrick

**PATRICK HARRINGTON | DILWORTH PAXSON LLP**

1500 Market Street | Suite 3500E | Philadelphia, PA 19102

Tel: (215) 575-7236 | Cell: (609) 276-6564 | Fax: (215) 754-4603

pharrington@dilworthlaw.com | www.dilworthlaw.com

---

**From:** Courtney Vidales [mailto:courtney@muccilaw.com]
**Sent:** Tuesday, February 1, 2022 5:19 PM
**To:** Harrington, Patrick M.
**Cc:** McMichael, Lawrence G.; Ben Davis; Justin Kaufman; Tom Mucci
**Subject:** RE: Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)

Dear Patrick,

We received your email and letter dated Friday, January 28th demanding the return/destruction of certain documents identified below and relied upon by your experts in forming their opinion reports in this matter. Prior to your Friday email, we had already dispersed these documents to our experts for their review and preparation of their rebuttal opinion reports. We cannot agree to return or destroy the documents because your experts have identified, reviewed, and relied upon these documents when forming their expert opinions.

Your email below states that John Middleton provided document 152 of the Fenn report ("BHI Projections") upon request from your expert. However, it is clear these projections are contained in the March 3, 2003, Compass valuation, also identified as Schneider Document 16. Furthermore, if Defendant's received this document from John Middleton or BHI to prepare their expert opinions, then under the Rules of Civil Procedure Defendants have an ongoing duty to supplement their discovery responses and produce them to Plaintiff.

Please contact us if you have any questions or would like to discuss this further.

Regards,

Courtney Johnson Vidales, Esq.
Mucci Law Firm
1600 Rio Grande Blvd. NW
Albuquerque, NM 87104
courtney@muccilaw.com
Office: (505) 247-2211

---

**From:** Harrington, Patrick M. <pharrington@dilworthlaw.com>
**Sent:** Monday, January 31, 2022 6:57 PM
**To:** Courtney Vidales <courtney@muccilaw.com>; Ben Davis <bdavis@daviskelin.com>
**Cc:** McMichael, Lawrence G. <lmcmichael@dilworthlaw.com>
**Subject:** FW: Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)

Courtney and Ben:
I am following up regarding this clawback as I have not received a response.  Both our experts who received these documents have confirmed the destruction of these inadvertently produced documents.  As stated in my letter and previous email, please confirm your destruction of the two identical documents previously sent to you bearing labels SCHNADER_EXP_000008-000013 and SCHNADER_EXP_000014-000019, respectively, and the second document bearing labels SCHNADER_EXP_000020-000078.
Thank you,
Patrick

PATRICK HARRINGTON | DILWORTH PAXSON LLP
1500 Market Street | Suite 3500E | Philadelphia, PA 19102
Tel: (215) 575-7236 | Cell: (609) 276-6564 | Fax: (215) 754-4603
pharrington@dilworthlaw.com | www.dilworthlaw.com

---

**From:** Harrington, Patrick M.
**Sent:** Friday, January 28, 2022 9:20 PM
**To:** Courtney Vidales
**Cc:** Ben Davis; Tom Mucci; Justin Kaufman; McMichael, Lawrence G.
**Subject:** RE: Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)

Courtney:

With respect to the documents you referenced below, please see attached correspondence regarding the clawback of two inadvertently produced documents and note below:

Fenn Report
Doc 2 – Please see attached correspondence regarding clawback
Doc 152 – As noted on the document itself, this was provided to our expert by Bradford Holdings upon our expert's request

Schneider Report
Doc 16 – Please see attached correspondence regarding clawback
Doc 19 – Pages can be found in produced document labeled GT0053481
Doc 27 – Please see attached correspondence regarding clawback
Doc 186 – Document labeled BHICOZ022908

As stated in my letter, please confirm your return/destruction of the two identical documents previously sent to you bearing labels SCHNADER_EXP_000008-000013 and SCHNADER_EXP_000014-000019, respectively, and a second document bearing labels SCHNADER_EXP_000020-000078.

Patrick

**Patrick Harrington | Dilworth Paxson LLP**

1500 Market Street | Suite 3500E | Philadelphia, PA 19102
Tel: (215) 575-7236 | Cell: (609) 276-6564 | Fax: (215) 754-4603
pharrington@dilworthlaw.com | www.dilworthlaw.com

---

**From:** Courtney Vidales [mailto:courtney@muccilaw.com]
**Sent:** Thursday, January 27, 2022 10:59 AM
**To:** Harrington, Patrick M.
**Cc:** Ben Davis; Tom Mucci; Justin Kaufman
**Subject:** FW: Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)

Patrick,

Do these documents have "BHI" Bates Numbers? I appreciate that you added new Bates Numbering to them yesterday, but we are requesting the Bates Numbers that were assigned to each document during discovery in the case and when the documents were acquired.


Thanks,


Courtney Johnson Vidales
Mucci Law Firm
1600 Rio Grande Blvd. NW
Albuquerque, NM 87120
courtney@muccilaw.com
(505)247-2211


---

**From:** Harrington, Patrick M. <pharrington@dilworthlaw.com>
**Sent:** Wednesday, January 26, 2022 3:38 PM
**To:** Courtney Vidales <courtney@muccilaw.com>; Tom Mucci <tom@muccilaw.com>; Justin Kaufman <jkaufman@dpslawgroup.com>; Ben Davis <bdavis@daviskelin.com>
**Cc:** Titler-Lingle, Jessica L. <jtitler-lingle@dilworthlaw.com>; McMichael, Lawrence G. <lmcmichael@dilworthlaw.com>; Ford, Timothy J. <tford@dilworthlaw.com>
**Subject:** RE: Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)

Courtney:
In response to your email below, please see the attached documents:

Fenn Report
Doc 2 – attached, labeled
Doc 152 – previously sent to you, but attached again and labeled

Schneider Report
Doc 16 – attached, labeled
Doc 19 – attached, labeled

Doc 27 – attached, labeled
Doc 186 – BHICOZ022908

Be well,
Patrick

**PATRICK HARRINGTON | DILWORTH PAXSON LLP**

1500 Market Street | Suite 3500E | Philadelphia, PA 19102
Tel: (215) 575-7236 | Cell: (609) 276-6564 | Fax: (215) 754-4603
pharrington@dilworthlaw.com | www.dilworthlaw.com

---

**From:** Courtney Vidales [mailto:courtney@muccilaw.com]
**Sent:** Wednesday, January 26, 2022 10:06 AM
**To:** Harrington, Patrick M.; Tom Mucci; Justin Kaufman; Ben Davis
**Cc:** Titler-Lingle, Jessica L.; McMichael, Lawrence G.; Ford, Timothy J.
**Subject:** RE: Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)

Patrick,

Thank you for providing these documents. It is much appreciated. However, would you please identify the Bates Nos. for documents 2 and 152 on Fenn's Appendix B. Without the Bates numbers, we are unable to locate them in the voluminous discovery documents and the versions you provided do not have a Bates Number listed on them.

Also, in reviewing Pam Schneider's report we are unable to locate, and no Bates Numbers are identified in her report, documents 16, 19, 27, and 186. If you would please identify the bates numbers or produce the same documents reviewed by your expert.

Thank you,

Courtney Johnson Vidales, Esq.
Mucci Law Firm
1600 Rio Grande Blvd. NW
Albuquerque, NM 87104
courtney@muccilaw.com
Office: (505) 247-2211

---

**From:** Harrington, Patrick M. <pharrington@dilworthlaw.com>
**Sent:** Thursday, January 20, 2022 10:59 AM
**To:** Tom Mucci <tom@muccilaw.com>; Justin Kaufman <jkaufman@dpslawgroup.com>; Brian Gordon <briangordon249@gmail.com>; Ben Davis <bdavis@daviskelin.com>; Courtney Vidales <courtney@muccilaw.com>
**Cc:** Titler-Lingle, Jessica L. <jtitler-lingle@dilworthlaw.com>; McMichael, Lawrence G. <lmcmichael@dilworthlaw.com>; Ford, Timothy J. <tford@dilworthlaw.com>
**Subject:** RE: Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)

I'm using Mimecast to share large files with you. Please see the attached instructions.

---

Courtney:
Attached, please find installment 2 of 2 of the highlighted documents in Appendix B. Please note that with regard to no. 145, "Capital IQ" is an online database which provides financial data that links to certain of our expert's models via formulas. Capital IQ is more of a source than a specific file.  By way of example, your Stout report references Capital IQ as a source on many of their exhibits but not in their list of information considered.
Patrick

**Patrick Harrington | Dilworth Paxson LLP**
1500 Market Street | Suite 3500E | Philadelphia, PA 19102
Tel: (215) 575-7236 | Cell: (609) 276-6564 | Fax: (215) 754-4603
pharrington@dilworthlaw.com | www.dilworthlaw.com

---

**From:** Courtney Vidales [mailto:courtney@muccilaw.com]
**Sent:** Tuesday, January 18, 2022 5:53 PM
**To:** Harrington, Patrick M.; Ben Davis; Brian Gordon; Tom Mucci; Justin Kaufman
**Cc:** Titler-Lingle, Jessica L.; Ford, Timothy J.; McMichael, Lawrence G.
**Subject:** RE: Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)

Patrick,

Would you please provide copies of the highlighted items on the attached Appendix B of Finn's report. We were able to locate the items that are not highlighted. If the items were produced in discovery, please identify the Bates Numbers.

Thank you,


Courtney Johnson Vidales, Esq.
Mucci Law Firm
1600 Rio Grande Blvd. NW
Albuquerque, NM 87104
courtney@muccilaw.com
Office: (505) 247-2211


---

**From:** Harrington, Patrick M. <pharrington@dilworthlaw.com>
**Sent:** Friday, January 14, 2022 3:00 PM
**To:** Ben Davis <bdavis@daviskelin.com>; Brian Gordon <briangordon249@gmail.com>; Courtney Vidales <courtney@muccilaw.com>; Tom Mucci <tom@muccilaw.com>; Justin Kaufman <jkaufman@dpslawgroup.com>
**Cc:** Titler-Lingle, Jessica L. <jtitler-lingle@dilworthlaw.com>; Ford, Timothy J. <tford@dilworthlaw.com>; McMichael, Lawrence G. <lmcmichael@dilworthlaw.com>
**Subject:** Nupson v. Schnader, et al. (Defendants' Expert Witness Disclosures)

I'm using Mimecast to share large files with you. Please see the attached instructions.

---

Counsel:
Attached, please find copies of Defendants' Expert Witness Disclosures, which are being produced subject the confidentiality order in this matter, and a certificate of service regarding the same.
Be well,
Patrick

**Patrick Harrington | Dilworth Paxson LLP**
1500 Market Street | Suite 3500E | Philadelphia, PA 19102
Tel: (215) 575-7236 | Cell: (609) 276-6564 | Fax: (215) 754-4603
pharrington@dilworthlaw.com | www.dilworthlaw.com

---

www.DilworthLaw.com

This E-Mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt

from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this communication in error, please do not distribute it and notify us immediately by email: postmaster@dilworthlaw.com or via telephone: 215-575-7000 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

www.DilworthLaw.com

This E-Mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this communication in error, please do not distribute it and notify us immediately by email: postmaster@dilworthlaw.com or via telephone: 215-575-7000 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.