UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANNA K. NUPSON, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-02505-NIQA |
| | ) |
| SCHNADER HARRISON SEGAL & LEWIS LLP, and BRUCE A. ROSENFIELD, ESQ., | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR RULE 37(C)(1) SANCTIONS TO EXCLUDE THE REPORT OF DEFENDANTS' EXPERT WITNESS JOHN FENN AND MOTION FOR AN ORDER TO SHOW CAUSE**

Plaintiff Anna K. Nupson, by and through her counsel of record, hereby submits her response in opposition to Defendants Schnader Harrison Segal & Lewis LLP ("Schnader") and Bruce A. Rosenfield ("Rosenfield") Motion to Strike Plaintiff's Motion for Rule 37(C)(1) Sanctions to Exclude the Report of Defendants' Expert Witness John Fenn and Motion for an Order to Show Cause. In support of her Response, Plaintiff states as follows:

**INTRODUCTION**

Following Defendants disclosure of expert witness reports, Plaintiff identified several documents Defendants provided to their expert witnesses while preparing their opinion reports which were not produced to Plaintiff during discovery in this matter. After exchanging more than ten (10) emails and conducting a phone call to attempt to resolve the issue, it was clear between the parties that no resolution without Court intervention could be achieved because the issues centered on Defendants' discovery misconduct and prior misrepresentations to Plaintiff and this Court regarding what documents were in their possession.

Plaintiff filed her Motion for Rule 37(C)(1) Sanctions to Exclude the Report of Defendants' Expert Witness John Fenn and Motion for an Order to Show Cause ("Motion for Sanctions")

1

bringing Defendants' misconduct to the attention of the Court. Defendants filed their instant Motion to Strike arguing that Plaintiff violated Federal Rule 26(b)(5)(B) and the Protective Order entered in this matter. Defendants' Motion to Strike attempts to divert the Court's attention from the issues raised in Plaintiff's Motion for Sanctions. Additionally, by arguing that Plaintiff did not follow procedural requirements when raising Defendants' discovery misconduct before this Court, Defendants request this Court to review their Motion to Strike in a vacuum without considering the facts and evidence presented in Plaintiff's Motion for Sanctions.

Defendants' Motion to Strike should be denied so this Court may address the issues raised in Plaintiff's Motion for Sanctions. Plaintiff did not violate Rule 26(b)(5)(B) because her Motion for Sanctions does not make the documents in question public. Additionally, Plaintiff did not violate the Protective Order entered in this matter because Plaintiff's Motion for Sanctions does not argue that Defendants' disclosure is a waiver of privilege. Plaintiff argues that the documents in question are not privileged and should not have been withheld from Plaintiff. Further, as outlined in Plaintiff's Motion for Sanctions, Plaintiff did not violate the meet-and-confer requirements under the Protective Order. Plaintiff did make several efforts with Defendants to resolve the issues in good faith.

**BACKGROUND FACTS**

On February 10, 2020, Defendants served their Responses and Objections to Plaintiff's Third Set of Requests for Admissions and Requests for Production. *See* **Exhibit A.** Specifically, Defendants did not produce any documents responsive to Plaintiff's request for production number 36. Rather, Defendants objected to the request, stating "Defendants provided all their hardcopy documents concerning their representation of Middleton Family Businesses and Middleton family

members (other than Plaintiff) to counsel for John S. Middleton in connection with the Orphans' Court litigation between Plaintiff and John S. Middleton." *See* **Exhibit A**.

Based on Defendants' discovery responses, on July 7, 2020, Plaintiff issued a Subpoena for the Production of Documents on John Middleton's counsel, Blank Rome. John Middleton and his counsel, Blank Rome, objected to Plaintiff's subpoena and refused to produce any responsive documents, stating they were protected by the attorney-client privilege and work product doctrine.[1] Additionally, John and Blank Rome stated that Plaintiff's discovery efforts in this action were in violation of a 2018 Settlement Agreement between John and Plaintiff which settled their claims brought in the Orphans' Court litigation.[2]

On January 14, 2022, Defendants produced their expert witness disclosures to Plaintiff. Among the disclosures was an expert report of John Fenn ("the Fenn Report"). Mr. Fenn's report contained opinions regarding the corporate valuations of Bradford Holdings, Inc. ("BHI") and purports to "review the damages calculations and conclusions." Appendix B of the Fenn Report lists the "sources of information" that Fenn "considered…when preparing this report." The list includes documents not produced to Plaintiff in discovery, specifically document 2 ("2001 BHI Phillies Valuation") and document 152 ("BHI Projections provided by management").

In addition to the expert report of John Fenn, Defendants also produced an expert witness report of Pam Schneider ("the Schneider Report"). The Schneider Report also lists the materials she reviewed in preparing her report. The Schneider Report identified additional documents not

---

[1]  Plaintiff filed a Motion to Compel documents from Blank Rome and John Middleton, but this Court denied Plaintiff's Motion finding the document requests were protected under the attorney-client privilege and work product doctrine.

[2]  Recently, John has filed an action in Pennsylvania state court against Anna Nupson, the Plaintiff in this action, claiming her discovery efforts in this matter allegedly violate the 2018 Settlement Agreement. *See* **Exhibit B,** Complaint by John Middleton for Breach of Contract.

produced to Plaintiff in discovery, specifically document 16 ("Valuation of a Minority Block of the Non-Voting Common Stock of Bradford Holdings, Inc. as of March 3, 2003, dated June 21, 2004") and document 27 ("Letter from Larry P. Laubach to Bruce A. Rosenfield dated April 5, 2002, with "Valuation Analysis of the Assets of Bradford Holdings Inc." enclosed (unlabeled)").

On January 18, 2022, Plaintiff's counsel requested from Defendants copies of specific documents listed on Mr. Fenn's report that Plaintiff could not identify in the various document productions in this case. *See* **Exhibit C**. On January 20, 2022, Defendants' counsel provided copies of the requested documents. *See* **Exhibit D**. Upon reviewing the documents, Plaintiff's counsel could not locate several documents produced in response to Plaintiff's discovery requests, or by third-party John Middleton in response to Plaintiff's subpoena to his counsel, Blank Rome. On January 26, 2022, Plaintiff's counsel requested the Bates Numbers for documents 2 and 152 of the Fenn Report and requested additional documents identified in the Schneider Report. *See* **Exhibit E**. Defendants' counsel responded on the same day, providing copies of the requested documents with new Bates Numbers. *See* **Exhibit F**. On January 27, 2022, Plaintiff's counsel again requested the Bates Numbers assigned during discovery production for the identified documents (*see* **Exhibit G**), but the following day, January 28, 2022, Plaintiff's request was met with Defendants' claim that the documents were inadvertently produced. *See* **Exhibit H**. Defendants demanded that Plaintiff return or destroy the documents immediately but failed to account that their expert witnesses relied on the same documents and information in forming their opinions and reports.

Consistent with Rule 26 and Defendants' request to "claw back" the documents Defendants produced outside of the discovery period, Plaintiff has sequestered the documents and has retrieved the documents from her experts, thus effectively preventing Plaintiff from analyzing documents

4

Defendants have analyzed in support of their defenses until the Court rules on the issue. *See* **Exhibit I**.

On February 7, 2022, counsel for Plaintiff and Defendants held a phone conference to address the issues in good faith. However, during the call it was revealed that Defendants maintain a document cache containing the documents in question, and likely others, which allows Defendants and their attorneys access to review and utilize in this matter. *See* **Exhibit J**. Clearly, Defendants and their counsel are accessing and reviewing relevant documents that they have not produced to Plaintiff, but more concerning is that they are providing the same documents to their expert witnesses in support of their defenses in this matter and not providing Plaintiff with the same highly relevant and discoverable information. Upon learning during the call that Defendants had access to additional documents undisclosed to Plaintiff, Plaintiff's counsel communicated that they were unsure how the parties could reach resolution on the issue and that Plaintiff would be filing a Motion with the Court.

On February 8, 2022, Defendants' counsel emailed Plaintiff's counsel copies of filings and discovery responses with highlighting to "provide some clarity as to Defendants' prior representations to the Court as to certain documents." *See* **Exhibit K**. On February 12, 2022, Plaintiff's counsel notified Defendants' counsel that the filings and discovery responses attached to Defendants' email did not contain any highlighting. *See* **Exhibit L**. Plaintiff's email further identified many of Defendants' representations contained therein that were inconsistent with their current possession of discovery materials relevant in this matter. The email specifically states, "We will be filing a Motion with the Court on this issue." **Exhibit L**. This was the second time Defendants' counsel was notified that Plaintiff would be raising these issues with the Court.

On February 14, 2022, Plaintiff filed her Motion for Sanctions requesting the Court sanction Defendants by striking their expert witness report of John Fenn and excluding his testimony at any hearing, deposition, and/or trial in this matter. Additionally, Plaintiff requested this Court issue an order to show cause as to why Defendants failed to supplement their discovery responses to produce the documents responsive to her discovery requests.

On February 18, 2022, Defendants filed their Motion to Strike arguing Plaintiff violated procedural requirements and acted in bad faith by failing to "meet and confer" as required by the Protective Order entered in this case. The allegations in Defendants' Motion to Strike should be disregarded as they lack legal and factual support, and merely attempt to divert this Court's attention from the serious issues raised in Plaintiff's Motion for Sanctions.

## ARGUMENT AND AUTHORITIES

A. **Plaintiff's Motion for Rule 37(C)(1) Sanctions to Exclude the Report of Defendants' Expert Witness John Fenn and Motion for an Order to Show Cause does not violate Rule 26(b)(5)(B).**

Federal Rule 26(b)(5)(B) states:

> **(B)** *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Upon notification from Defendants that the documents in question were "inadvertently produced" and subject to a claim of privilege, Plaintiff promptly complied with the requirements of Rule 26(b)(5)(B). *See* **Exhibit I**. Plaintiff notified Defendants that "In compliance with Rule 26, we will agree to sequester the documents at issue and retrieve them to the extent we provided

6

them to our experts before being notified [of their inadvertent disclosure]". **Exhibit I**. Additionally, Plaintiff's counsel notified her expert witnesses of Defendants' claims that the documents in question were inadvertently produced and requested that the expert witnesses in turn sequester the documents pending resolution. **Exhibit I.**

After Plaintiff was notified by Defendants that the documents were subject to privilege, Plaintiff did not "use or disclose the information." Also consistent with Rule 26(b)(5)(B), Plaintiff "promptly present[ed] the information to the court under seal for a determination of the claim." *See* Doc. 252 (Plaintiff's Motion to Seal Exhibit M, N, and O of her Motion for Rule 37(c)(1) Sanctions); *see also* Doc. 260 (Exhibit M, N, and O filed under Seal).

Defendants' Motion to Strike argues that Plaintiff violated Rule 26(b)(5)(B) because Plaintiff "attaches and makes public the inadvertently disclosed documents that are the subject to a claim of privilege before presenting the documents to the Court for determination of the privilege claim." *See* Doc. 259, at 2. Defendants' Motion to Strike is plainly wrong. As demonstrated by this Court's Order to Seal Exhibits M, N, and O of Plaintiff's Motion for Sanctions [Doc. 257], Plaintiff presented the documents in question under seal for this Court's determination of Defendants' claims of privilege.

Furthermore, Plaintiff's Motion for Sanctions brings to the attention of this Court that "the documents in question are not protected by the attorney-client privilege." *See* Doc. 254, at 17. Thus, Plaintiff's Motion for Sanctions complies with Rule 26(b)(5)(B) as Plaintiff moved to sequester the documents in question, did not use or disclose the information any further, took reasonable steps to retrieve the information from her expert witnesses, and promptly presented the information to this Court under seal for a determination of Defendants claim.

**B. Plaintiff's Motion for Rule 37(C)(1) Sanctions to Exclude the Report of Defendants' Expert Witness John Fenn and Motion for an Order to Show Cause did not violate the Protective Order.**

Defendants' Motion to Strike also argues that Plaintiff violated numerous terms of the Protective Order entered by the Parties in this matter. Defendants contend that Plaintiff's Motion for Sanctions "directly argues that the inadvertent production is a ground for alleging the later designation of the documents as privileged or immune from discovery." Doc. 259, at 5. Defendants further argue that Plaintiff violated the "Meet and Confer" provisions of the Protective Order. *Id*. Defendants' Motion to Strike should be denied because Plaintiff did not violate the Protective Order; plaintiff does not argue for a waiver of privilege in her Motion for Sanctions, but rather that no privilege should be given to the documents. Also, Plaintiff did comply with the Meet and Confer requirements contained in the Protective Order.

    1.  <u>Plaintiff's Motion did not violate the Protective Order</u>.

Section 3(b) of the Protective Order states that

> The Receiving Party may challenge whether the Material is protected from discovery at any time. If the Receiving Party challenges the propriety of the claim of attorney-client privilege, work-product immunity, or other applicable privilege or immunity, the Receiving Party shall not assert the fact of the inadvertent production or the reasonableness of the Producing Party's pre-production review as a ground for challenging the later designation.

Doc. 82, at 6.

Plaintiff filed her Motion for Sanctions in compliance with the Protective Order to challenge whether the documents in question are protected by privilege. *See* Doc. 254, at 17 ("the documents in question are not protected by the attorney-client privilege."). In requesting this Court make a privilege determination on the documents, Plaintiff makes no argument that Defendants' inadvertent production as the grounds for a waiver of a privilege designation.

Rather, Plaintiff's Motion for Sanctions argues that the documents in question were not actually "inadvertently produced" as Defendant's claim. Plaintiff's Motion for Sanctions analyzes whether Defendants' production of the documents in question constitutes an inadvertent disclosure. Plaintiff argues in her Motion for Sanctions that Defendants' production of the documents was not inadvertent because Defendants intentionally produced the documents to their expert witnesses to review and rely upon in preparation of their opinion reports. Further, Defendants willingly and knowingly produced the documents to Plaintiff upon her request for the specific documents after learning that the documents were cited in Defendants' expert witness reports.

Therefore, Plaintiff's Motion does not violate the Protective Order because Plaintiff does not argue that Defendants' disclosure is a waiver of privilege, but rather that the documents in question were never privileged and were not inadvertently produced.

2. <u>The Parties engaged in many meaningful attempts to resolve the issue before coming to this Court.</u>

Section 5(b) of the Protective Order states:

A Party that elects to challenge a designation must do so in good faith and, in addition to the written notice, must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. A challenging Party may file a motion challenging the designation only if it has engaged in this meet-and-confer dialogue first. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with these meet-and-confer requirements.

Defendants argue that Plaintiff's counsel did not comply with the meet and confer requirements under the protective order because Plaintiff's counsel did not conduct a phone call on the day, she filed her Motion. Defendants fail to inform the Court that the parties exchanged more than ten (10) email communications on these matters and that the parties did conduct a telephonic meet and confer one week prior to Plaintiff filing her Motion for Sanctions.

9

Plaintiff's Motion for Sanctions indisputably complies with the meet and confer requirements under the Protective Order. As stated in the "Factual Background" of Plaintiff's Motion, on February 7, 2022, counsel for Plaintiff and Defendants held a phone conference to address the documents in question and Defendants' claims of privilege. As allowed under the Protective Order, Plaintiff filed her Motion for Sanctions on February 14, 2022, after conducting a meaningful meet and confer phone call. Plaintiff's Motion outlines all of the steps taken by Plaintiff to work in good faith with Defendants' counsel on these issues.

## CONCLUSION

WHEREFORE Plaintiff requests this court enter an order denying Defendants' Motion to Strike. Plaintiff did not violate Rule 26(b)(5)(B) because her Motion for Sanctions does not make the documents in question public. Additionally, Plaintiff did not violate the Protective Order entered in this matter because Plaintiff's Motion for Sanctions does not argue that Defendants' disclosure is a waiver of privilege, but rather that the documents in question are not privileged and should have not been withheld from Plaintiff. Further, Plaintiff did not violate the meet-and-confer requirements under the Protective Order.

Respectfully Submitted,

*/s/ Ben Davis*
Ben Davis
Davis Kelin Law Firm, LLC
127 Bryn Mawr Dr., SE
Albuquerque, NM 87106
Tel: (505) 242-7200
Fax: (505) 559-4808
E-mail: bdavis@daviskelin.com

Courtney Johnson Vidales
Mucci Law Firm
PO Box 6908
Albuquerque, NM 87197
Tel: (505) 247-2211
courtney@muccilaw.com

Justin R. Kaufman
Durham, Pittard & Spalding, LLP
505 Cerrillos Rd., Suite A209
Santa Fe, NM 87501
Tel: (505) 986-0600
Fax: (505) 986-0632
jkaufman@dpslawgroup.com

Brian A. Gordon
Gordon & Ashworth, P.C.
One Belmont Ave., Suite 519
Bala Cynwyd, PA 19004
Tel: (610) 667-4500
Briangordon249@gmail.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing was served on all counsel of record electronically on this 4th day of March 2022.

/s/ Ben Davis
Ben Davis