IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA K. NUPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:18-cv-02505-NIQA |
| ) | |
| SCHNADER HARRISON SEGAL ) | |
| & LEWIS, LLP, and BRUCE A. ) | |
| ROSENFIELD, ESQ., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In their Notice of Supplemental Authority (ECF 289), Defendants direct the Court to a recent decision that breaks no new ground and adds nothing to the voluminous briefing already on file.

In *LabMD Inc. v. Boback*, --- F.4th ----, 2022 WL 3724716 (3d Cir. Aug. 30, 2022), the issue was whether the limitations period began running in 2010, when the Federal Trade Commission (FTC) began investigating the plaintiff, as the trial court had held, or whether—as plaintiff argued—the claim accrued in 2013, only after the FTC filed an enforcement action against plaintiff. *See id.*, at *2, *8. The Third Circuit held that the "FTC's initial involvement in 2010," when it "launched its investigation," triggered the limitations period because, by then, plaintiff had suffered a cognizable injury and knew or should have known of its source. *Id.*, at *8, *9. In reaching this conclusion, the *LabMD* court reaffirmed the principle that a "cause of action accrues even though the full extent of the injury is not then known or predictable." *Id.*, at *8 (citations omitted).

Importantly, plaintiff never argued that the FTC's enforcement action and investigation constituted two separate injuries. *See* Brief for Plaintiff-Appellant at 27-29, *LabMD Inc. v. Boback*, No. 20-1731 (3d Cir. Dec. 2, 2020); *see also* Reply Brief for Plaintiff-Appellant at 1-6, *LabMD Inc. v. Boback*, No. 20-1731 (3d Cir. March 8, 2021). Quite to the contrary, in district court, plaintiff characterized the FTC's investigation and its subsequent enforcement action as a single, unitary event that began in 2010. *See, e.g.*, Complaint at 7, *LabMD, Inc. v. Tiversa Holding Corp.*, 2016 WL 11269774 (W.D. Pa. Jan. 8, 2016) (No. 2:15-cv-92) (alleging that the defendant's "misrepresentations caused the FTC to investigate LabMD and to bring an enforcement action against it in 2010"); First Amended Complaint at 25, *LabMD, Inc. v. Tiversa Holding Corp.*, 2016 WL 6905963 (W.D. Pa. Oct. 7, 2016) (No. 2:15-cv-92) (stating that the "FTC's investigation of LabMD evolved into an enforcement action against the company"). It is therefore no surprise that the Third Circuit held in those circumstances that the limitations period began running in 2010, not 2013.

But that analysis has no application here. That is because, as Plaintiff has stated repeatedly, the discrete injury of which she complains is her diminished bargaining power in negotiating the terms of the Family Settlement Agreement in 2003. *See, e.g.*, ECF 278 at 3, 5-6, 8, 39; ECF 277 at 33-34. That injury, Plaintiff has further explained, stems from the ethical breach Schnader and Mr. Rosenfield committed by failing to disclose pertinent facts concerning the oral GRAT, the original 2001 GRAT, and the role that they played in creating them. *See, e.g.*, ECF 278 at 6, 11; ECF 277 at 25. And, as Plaintiff has stated, she only had reason to know of that injury and its source on May 1, 2017—when Rosenfield filed an Amended Accounting in the Orphans' Court. *See, e.g.*, ECF 278 at 5, 9, 11, 29-31, 40; ECF 277 at 25. This case is thus quite unlike *LabMD*, in

which the plaintiff undisputedly suffered an injury in 2010 but argued that the limitations period was triggered three years later, once that injury had become especially severe.

It is also worth noting that Defendants' reliance on *LabMD* is misplaced for another important reason: the defendant in *LabMD* made little effort to conceal its alleged wrongdoing. 2022 WL 3724716, at *9 (noting it "had demonstrated a willingness to disclose" its involvement in the events underlying plaintiff's lawsuit). And, as the court further observed, "[r]ight from the beginning," plaintiff "was suspicious" that it was the defendant who had engaged in the allegedly tortious conduct. *Id.* That is a far cry from this case, in which Defendants Rosenfield and Schnader went to great lengths to conceal their unethical conduct, as detailed in Plaintiff's summary judgment papers. *See, e.g.*, ECF 278 at 25, n.11, 26, 31-34, 42; *see also* ECF 277 at 13, 14, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, 33, 47-48. Indeed, although *LabMD* notes that a claim accrues once a plaintiff has "inquiry notice" or "storm warnings," 2022 WL 3724716, at *9, the very case that *LabMD* cites for that proposition recognized that a limitations period may be equitably tolled where, as here, there is evidence of fraudulent concealment, *see Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 508-09 (3d Cir. 2006); *see also* ECF 278 at 31-34.

Accordingly, *LabMD* is immaterial here, and Plaintiff respectfully requests, consistent with her prior briefing, that Defendants' motion for summary judgment be denied.

Respectfully submitted,

**DURHAM, PITTARD & SPALDING, LLP**

*/s/ Justin R. Kaufman*
Justin R. Kaufman
505 Cerrillos Rd., Suite A209
Santa Fe, NM 87501
Tel: (505) 986-0600
Facsimile: (505)986-0632
jkaufman@dpslawgroup.com

Ben Davis
**DAVIS KELIN LAW FIRM, LLC**
127 Bryn Mawr Dr., SE
Albuquerque, NM 87106
Tel: (505) 242-7200
Fax: (505) 213-3399
bdavis@daviskelin.com

Courtney Johnson Vidales
**MUCCI LAW FIRM**
PO Box 6908
Albuquerque, NM 87197
Tel: (505)247-2211
courtney@muccilaw.com

Brian A. Gordon
**GORDON & ASHWORTH, P.C.**
One Belmont Ave., Suite 519
Bala Cynwyd, PA 19004
Tel: (610) 667-4500
Briangordon249@gmail.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing instrument was served on all counsel via the ECF system on this the 23rd day of September, 2022.

/s/ *Justin R. Kaufman*
Justin R. Kaufman