UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANNA K. NUPSON

           Plaintiff,

  v.

SCHNADER HARRISON SEGAL & LEWIS LLP, and BRUCE A. ROSENFIELD, ESQ.

           Defendants.

Case No. 2:18-cv-02505-NIQA

**PRETRIAL MEMORANDUM
OF COUNTERCLAIM PLAINTIFF SCHNADER HARRISON SEGAL & LEWIS LLP**

> **NOTE**
>
> **The parties have reached a settlement in principle of the counterclaims, are currently documenting the settlement and anticipate filing dismissal papers soon.**

Pursuant to this Court's October 3, 2022 Order and Local Rule 16.1(c), Counterclaim Plaintiff Schnader Harrison Segal & Lewis LLP ("Schnader") submits the following pretrial memorandum:

**1. A brief statement of the nature of the action and the basis on which the jurisdiction of the court is invoked.**

      Schnader brings three claims – (1) Breach of Contract, (2) Promissory Estoppel and (3) Unjust Enrichment – to recover for services Schnader provided to counterclaim defendant Nupson but for which Nupson did not pay. This Court has diversity jurisdiction.

**2.     A brief statement of the facts of the case.**

In connection with litigation they were pursuing in the Orphans' Court, counterclaim defendant Anna K. Nupson and her brother, non-party John S. Middleton, served requests for production of documents on each other.  Because Schnader had represented Middleton family members and entities for many years, Schnader was in possession of documents and ESI that would be responsive to Nupson's and Middleton's discovery requests to one another. Nupson and Middleton asked Schnader to produce all of its documents, hard copy and ESI, without regard to relevance to the issues in their dispute in the Orphans' Court.  Nupson and Middleton asked Schnader to distribute the documents and ESI to the party that Schnader believed was the owner of the privilege applicable to that document.  In that way, each side could determine which documents were responsive to the other's requests for production and whether to assert privilege over any document.

Neither Nupson nor Middleton served a subpoena for the production of documents on Schnader.  Schnader understood that Plaintiff and Middleton agreed they would share equally the fees and costs for providing the ESI. Without such agreement on compensation for the massive ESI review, Schnader would have objected to any subpoena requiring production of all its ESI because of the undue burden and expense to the firm as a non-party to the underlying litigation.

After an extensive and time-consuming process, which took almost 1,000 hours, Schnader produced the ESI in accordance with the parties' agreement to the party that Schnader believed was the owner of the privilege.  On December 11, 2017, pursuant to the parties' agreement, Schnader submitted a statement of fees and costs and requested each party to pay one-half of the total. Middleton paid his share promptly. Nupson refused to pay her share, despite her receipt and use of the ESI.  Nupson never advised Schnader that she was not going to pay her

share of the cost of producing Schnader's ESI before Schnader undertook the work and completed the project. Nupson did not advise Schnader that she would not pay her share until Schnader submitted its invoice in December 2017.  Schnader filed this claim to recover from Nupson her share of the fees and costs.

**3.     A list of every item of monetary damages claimed.**

$149,986.60, which is half of the fees and costs on Schnader's December 11, 2017 invoice, plus prejudgment interest at the statutory rate since December 11, 2017.

**4.     A list showing the names and addresses of all witnesses the party submitting the memorandum intends to call at trial.**

Wilbur L. Kipnes, Esq.

**5.     A schedule of all exhibits to be offered at trial by the party submitting the memorandum.**

| Exhibit | Description |
|---|---|
| P-1 | December 11, 2017 Schnader Invoice Number 2428009 addressed to John S. Middleton and Anna Nupson [See Document No. 73-11] |
| P-2 | Email string culminating with May 2, 2016 email from Will Kipnes to various counsel with subject line "Nupson/Middleton – Schnader Documents" [See Document No. 123-2] |
| P-3 | Email string and attachment culminating with November 7, 2016 email from Jennifer Gayle to various counsel with subject line "FW: FW: Middleton: Electronic Discovery" [See Document No. 123-3] |
| P-4 | Email string culminating with November 17, 2016 email from Rebecca Ward to various counsel with subject line "RE: FW: Middleton: Electronic Discovery"  [See Document No. 123-4] |
| P-5 | Letter from Kimberly Brusuelas to James T. Smith and Rebecca Ward dated November 17, 2016 [See Document No. 123-5] |

3

**6.     An estimate of the number of days required for trial.**

      1 day.

**7.     Special comments regarding legal issues, stipulations, amendments of pleadings, or other appropriate matters.**

      Schnader waives its right to a trial by jury.

Respectfully submitted,

/s/ Stephen J. Shapiro
Stephen J. Shapiro (Pa. I.D. No. 83961)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286
(215) 751-2000

*Attorneys for Counterclaim Plaintiff*
*Schnader Harrison Segal & Lewis LLP*

Dated:  November 16, 2022